## WESSON a. JUDD.

*New York Common Pleas; Special Term, February,* 1855.

### DENIAL OF INFORMATION.—SHAM.

A denial in an answer, of knowledge or information sufficient to form a belief, as to matters stated in a complaint, is not necessarily sham or evasive, unless it appears that the party had the means of obtaining information directly within his reach.

A defendant who admits that he executed an instrument upon which he is sued, cannot deny information sufficient to form a belief as to facts stated in the instrument.

A defendant who admits having executed an instrument similar to that upon which he is sued, cannot deny, merely upon a want of information sufficient to form a belief, that the instrument is correctly set forth in the complaint; but he is entitled to an inspection of the original to enable him to answer.

Motion to strike out an answer as frivolous.

The plaintiffs David and Andrew Wesson having procured the arrest of Jeptha Fowlkes, in the course of supplementary proceedings upon a judgment recovered by them against him, James W. Judd and Fowlkes gave an undertaking that Fowlkes should attend pursuant to direction of the judge, to be examined. Fowlkes having made default to appear, the plaintiffs brought this suit against him and Judd, upon the undertaking.

The complaint set forth the recovery of the plaintiff's judgment against Fowlkes,—the issuing of execution, and that it was returned unsatisfied,—the arrest of Fowlkes, upon a warrant duly issued by Hon. Chas. P. Daly, pursuant to § 292 of the Code,—the execution of the undertaking by the defendants, giving a copy of it,—together with Fowlkes' default to appear, &c.

The first paragraph of the answer of the defendant Judd denied, for want of information sufficient to form a belief, the allegations of the complaint as to the recovery of a judgment by the plaintiffs against Fowlkes.

The third paragraph contained a denial, for want of informa-

tion sufficient to form a belief, that Fowlkes was arrested as alleged in the complaint, and that the warrant was duly issued.

The fourth paragraph admitted that the defendant upon the occasion of Fowlkes being brought before a judge, did give a writing, but denied, for want of information sufficient to form a belief, that the writing was correctly set forth in the complaint.

*S. P. Huff*, for the motion.

*E. P. Barrow*, opposed.

Daly, J.—*Held :*—I. That the defendant's denial that he had any knowledge or information sufficient to form a belief of the existence of the judgment upon which the supplementary proceedings were founded, was not necessarily sham or evasive. Hance *v.* Remming, (1 *Code R. N. S.* 204), was a very different case. There the defendant having entered into an undertaking in a suit between Hance the plaintiff and one Cavanagh, to pay the amount of any judgment that might be recovered against Cavanagh, after the undertaking was given, the suit against Cavanagh was prosecuted and defended, and judgment was recovered against him; and execution having been returned unsatisfied, an action was brought against Remming the surety. He employed the same attorney that had defended Cavanagh; and in his answer set up that he had no knowledge or information sufficient to form a belief whether the plaintiff had recovered a judgment against Cavanagh. The Court of Common Pleas struck out the answer as sham and evasive; as Remming had but to ask his own attorney when he prepared the answer for him to swear to, whether the judgment was recovered against Cavanagh, or not. But the party to the undertaking now in suit, was not bound to search through the public records to ascertain whether the supplementary proceedings were founded upon a judgment as alleged. Not having, as in the former case, the means of information directly within his reach, he might properly state the want of knowledge or information.

II. That the allegation that the defendant Judd had no knowledge or information sufficient to form a belief whether

the defendant Fowlkes was arrested upon order, &c. was bad. The fact of the arrest was recited in the undertaking signed by Judd. He had admitted the fact by signing the undertaking, and could not set up in his answer that he had no knowledge or information sufficient to form a belief upon that subject. The whole of the third paragraph of the answer was therefore stricken out.

III. That the whole of the fourth paragraph must also be stricken out. The defendant could not aver that he had not sufficient information to form a belief whether the undertaking recited in the complaint was correctly set forth or not. He admitted that he executed an undertaking, and if he was in doubt as to the correctness of what purported to be a copy of that undertaking in the complaint, he should have demanded from the plaintiff or his attorney, an inspection of the original instrument, before making an answer ; and if they had refused to allow him to inspect it, the court would by order compel its production, upon defendant, of a sworn copy.

The other parts of the answer were unobjectionable. The parts indicated were stricken out; but the plaintiff having asked for too much in his motion, did not recover costs.

---

SHERMAN *a.* PARTRIDGE.

*New York Superior Court ; Special Term, February*, 1855.

INTERPLEADER.—SALE OF GOODS.

An order of interpleader under § 122 of the Code can only be made, when it is certain that the only question is whether the plaintiff or a third person is the true owner of the debt, fund, or other property for which judgment is demanded.

When it is insisted that the defendant is absolutely liable, and is precluded from setting up the title of a third person as a defence, his application to be discharged from the suit must be denied.

It is only in an action against the defendant himself, that the question of his absolute liability can be properly raised and determined. A judge would exceed the just limits of his authority by so deciding the question upon a motion, as to put an end to the action, and bar an appeal.

When the action is for the recovery of a debt arising from the sale of goods, the purchaser cannot require his vendor to interplead with a third person claiming to be the owner of the goods. This is not a case in which an interpleader has ever been allowed, nor is it embraced within the terms of the Code.