Henry W. T. Steinway, Respondent, *v.* William Steinway and Steinway & Sons, Appellants.

*Pleading — compelling a reply to new matter in an answer — Code of Civil Procedure, § 516.*

A party is not required to admit or deny evidence set out in a pleading, and hence a plaintiff will not be compelled, under section 516 of the Code of Civil Procedure, to reply to new matter in an answer consisting of the statement of evidentiary facts, and not the tendering of an issue of fact, or the allegation of a conclusion of fact.

A complaint prayed that an individual defendant be adjudged to pay over to a corporate defendant, of which the plaintiff was a stockholder and the individual defendant president, certain profits received from transactions set up in the complaint.

The answer alleged, as new matter in avoidance, the offer by the individual defendant of certain property to the corporate defendant at a meeting of its trustees, at which the plaintiff was present, the unanimous acceptance of the offer in the presence of the plaintiff, without objection by him, and the ratification of the action of the trustees by all the stockholders of the corporation, including the plaintiff.

*Held,* that this defense tendered an issue of fact, in respect to which the defendants were entitled to a reply, in order to know whether the issue tendered was to be admitted or denied, and, if admitted, how the plaintiff would seek to avoid the legal effect of the admission, so that the defendants should not be surprised upon the trial.

APPEAL by the defendants, William Steinway and Steinway & Sons, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 13th day of January, 1893, denying the defendants' motion, under section 516 of the Code of Civil Procedure, to require the plaintiff to reply to new matter set up in the answer.

It is stated in the complaint that the defendant, Steinway & Sons, is a domestic corporation; that the plaintiff is a stockholder of record therein, and that the defendant, William Steinway, is, and has been since the organization of the corporation, its president and one of its trustees.

*George W. Cotterill,* for the appellants.

*Wm. J. Curtis,* for the respondent.

VAN BRUNT, P. J.:

This action was brought praying judgment that the defendant William Steinway be adjudged to pay over to the defendant Steinway & Sons certain profits which accrued to and were received by him from certain transactions set up in the complaint, which are alleged to have been received in violation of the rights of the defendant Steinway & Sons.

The answer denies many of the allegations contained in the complaint and sets up a large amount of new matter by way of defense; and a motion was made to compel the plaintiff to reply to this new matter, which motion was denied, and from the order thereupon entered this appeal is taken.

In respect to a large part of the matter set up in the answer by way of defense, the difficulty in compelling a reply thereto is that it consists of the setting forth of evidentiary facts. and not the tendering of an issue of fact, or the allegation of a conclusion of fact; and, therefore, a reply should not be compelled, as a party is not required to admit or deny evidence set out in a pleading.

But there is one defense set up in the answer which does seem to tender an issue of fact, and in respect to which the defendants are entitled to know whether the issue tendered is to be admitted or denied, and if admitted, how the plaintiff will seek to avoid the legal

effect of the admission, so that the defendants shall not be surprised upon the trial.    And this is the defense contained in the tenth paragraph of the answer.

In that paragraph it is alleged, perhaps more in detail than is consistent with good pleading, that in December, 1889, at a meeting of the board of trustees of Steinway & Sons, at which the plaintiff was present, and all the trustees, except one, who was then in Europe, the defendant, William Steinway, offered in writing to Steinway & Sons the business established in Hamburg, the German patents, trademarks, good will and personal property upon certain terms therein specified; and that at said meeting the offer of said defendant was accepted unanimously in the presence of the plaintiff, who offered no opposition, and that said written offer and proceedings of the board accepting the same were duly entered upon defendants', Steinway & Sons', minutes; and that such action of the board of trustees was ratified by the then absent trustee upon his return from Europe; and that at said meeting all of the capital stock of the defendant corporation was duly represented, and all the stockholders ratified the acts of the trustees, including the plaintiff; and that agreeably to said offer and acceptance the said business, personal property and good will were turned over to Steinway & Sons, who have ever since enjoyed and possessed the same.

The defendants are entitled to know whether the plaintiff admits or denies these allegations in respect to the proceedings which resulted in a ratification by him of the transfer of this property to the defendants, Steinway & Sons; and if he admits the facts how he proposes to avoid their legal effect, which matter in avoidance it may be impossible for the defendants to anticipate or be prepared for, if they have no notice of its nature before it is produced upon the trial.

I am of the opinion, therefore, that the order should be modified by requiring plaintiff to reply to the allegations contained in said tenth paragraph, and as modified, affirmed, without costs.

O'BRIEN and FOLLETT, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.