MERCANTILE NATIONAL BANK of the City of New York, Respondent, *v.* CORN EXCHANGE BANK, Appellant.

*Discretionary power to require a reply to an answer — when exercised — when a failure to exercise it is an error.*

The discretion committed to the court, allowing it to require a reply to new matter alleged in an answer, is a legal one, which should be so exercised as to prevent surprise, and promote the interests of justice.

It will not be exercised if the only object is to relieve a defendant from the necessity of proving the facts which he sets up as a defense by way of avoidance, but where a judgment of the court is pleaded in avoidance, which seems to have such force and effect as to lead to a judgment in the defendant's favor, an order of the Special Term denying the defendant's motion to require a reply to the answer should be reversed, and the service of a reply be directed.

The fact that the judgment so pleaded has been appealed from cannot have any weight in the disposition of the motion to require a reply, nor will it be assumed that the proceedings leading to the judgment contain error; if it should turn out to be so, the plaintiff can be relieved from the effect of its reply upon motion.

APPEAL by the defendant, the Corn Exchange Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 2d day of June, 1893, denying the defendant's motion to compel the plaintiff to reply to the new matter set up in the defendant's answer by way of avoidance.

*John M. Bowers,* for the appellant.

*S. B. Brownell,* for the respondent.

PARKER, J. :

The complaint alleges eleven separate causes of action, but all are in the same form and differ only as to the dates and amounts of the eleven checks which lie at the foundation of the several causes of action. The defenses interposed to each of the alleged causes of action are also in the same form, so that a determination of the question presented, whether a reply should be required to any or all of the defenses set up, to a single cause of action, will apply to all the others.

The complaint, after alleging the due incorporation of plaintiff and defendant as banking associations, avers :

"*Second.* That on or about the 28th day of January, 1886, the plaintiff paid to the defendant, upon the defendant's request and indorsement thereof, a check upon this plaintiff, drawn by the National Bank of Sumter to the order of A. S. Brown, for one hundred dollars ($100), which said check was not indorsed by the said A. S. Brown, the payee thereof.

" *Third.* That this plaintiff, supposing the said check to be indorsed by the said A. S. Brown, paid the said amount thereof, to wit, one hundred dollars, to the defendant."

The answer does not deny any of the allegations of the complaint, thereby admitting their truth, but sets up new matter in avoidance. The first briefly is that while the National Bank of Sumter drew the check to the order of A. S. Brown, it never intended that the check should be delivered or paid to him, or his indorsement thereon be required, but that it should be payable to the order of Cumming & Russell, to whom the bank delivered the check after indorsing the same as follows : " Pay to the order of Cumming & Russell, A. S. Brown," and that after this indorsement the plaintiff paid the check, through the agency of the defendant.

The second defense by way of new matter in avoidance is, that the National Bank of Sumter, the drawer of the said check, had an account with the plaintiff in this action, and moneys on deposit with it, and that when the plaintiff paid the said check it debited the National Bank of Sumter with the amount thereof, and that the accounts between the National Bank of Sumter and the plaintiff herein, containing such debit item against the National Bank of Sumter, were fully settled between the two banks ; that said account

has never been opened, and that the Mercantile National Bank has never repaid the National Bank of Sumter the amount of said check, which check bore the indorsement of this defendant.

The third defense set up in avoidance is, that the duly appointed receiver of the National Bank of Sumter brought an action against this plaintiff in this court to recover the amount of the deposit which the National Bank of Sumter had with this plaintiff, which action it defended on the ground that it had paid out the amount of the deposit on the checks of such bank, and being the checks mentioned in the complaint in this action, resulting in a judgment in favor of the Mercantile National Bank, by which it was adjudicated that such payments were valid and binding upon the National Bank of Sumter and its receiver.

As this constitutes new matter, to which a reply is not expressly required by the Code, if one is not compelled by the court, it will be deemed controverted by traverse or avoidance, as the case requires. (Code, § 522.) But a reply may be required by the court in its discretion. (§ 516.)

The discretion thus committed is a legal one which should be so exercised as to prevent surprise and promote the interests of justice. It will not be granted when its only object is to relieve a defendant from the necessity of proving the facts which he sets up as a defense by way of avoidance. But where, as in the third defense, a judgment of this court is pleaded in avoidance, which, so far as the pleadings disclose, seems to have such force and effect as to lead to a judgment in defendant's favor, it is but just that it should be known how the plaintiff proposes to meet the issue of fact thus tendered; if admitted, how, if at all, it expects to avoid the effect which defendant claims for it, to the end that surprise, with possibly an unjust result upon the trial, may be avoided. (*Steinway* v. *Steinway,* 68 Hun, 430.)

It is suggested in one of the briefs that the judgment pleaded has been appealed from. That fact cannot have weight in the disposition of this question. The judgment stands in full force and effect, and it will not be assumed that the proceedings leading to it contain error. If it shall turn out otherwise, plaintiff can be relieved from the effect of its reply on motion.

We agree with the Special Term that a reply should not be required to the other defenses.

The older should be reversed, with ten dollars costs and disbursements, and the motion granted directing the plaintiff to reply to the third defense.

VAN BRUNT, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion granted directing the plaintiff to reply to the third defense.