Henry W. Steinway, Appellant, v. William Steinway and Stein-
way & Sons, Respondents.

*Pleading — reply required by the court under § 516 of the Code of Civil Procedure
— definiteness of the reply.*

When the plaintiff is required by the court, under section 516 of the Code of Civil
Procedure, to reply to new matter set up in the answer which constituted a
defense by way of avoidance, averring the presentation and acceptance of an
offer in writing containing sundry terms of sale and providing for the execu-
tion of mutual releases, and tendering an issue fatal to the plaintiff unless its
legal effect can be avoided, a reply is not sufficient which merely denies knowl-
edge or information sufficient to form a belief as to whether the offer is cor-
rectly set forth in the answer.

The court will require such an insufficient reply to be made more definite and
certain.

It is not an excuse for such an insufficient reply, that the plaintiff cannot be
expected to remember accurately the terms of a writing read in his presence
several years ago, when he could have demanded an inspection of the original,
and, on refusal, the court would have compelled its production.

Appeal by the plaintiff, Henry W. Steinway, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the city and county of New
York on the 14th day of June, 1893, directing the plaintiff to make
his reply more definite and certain.

The action was brought by the plaintiff, as a stockholder in the
defendant corporation Steinway & Sons, upon a complaint which
alleged, in substance, that the defendant William Steinway owned
or controlled a majority of the stock of Steinway & Sons, and was
the president thereof; that he established a business under the name
of the "Steinway Piano Fabrik," in Germany, and caused to be fur-
nished to the fabrik parts of pianos manufactured in the city of New
York by Steinway & Sons, which were in part made up into com-
plete pianos by the fabrik and then sold to the London branch;
and that subsequently he caused to be sold to Steinway & Sons in
New York the business of the fabrik, all of which was done at a
profit to himself, which the plaintiff seeks to recover in this action.

*William J. Curtis* and *Edward B. Hill*, for the appellant.

*G. W. Cotterill*, for the respondents.

Parker, J.:

This court held on a former appeal herein (68 Hun, 430) that the answer sets up one defense to which the defendant was entitled to a reply, and plaintiff was ordered to make one, pursuant to the authority conferred by section 516 of the Code of Civil Procedure.

The defense to which the reply was required was briefly but substantially as follows:

A meeting of the stockholders and trustees of Steinway & Sons was held on the 26th day of December, 1889, at which meeting the plaintiff, as stockholder, was present, and a written offer was made, containing the sundry terms alleged, to sell the business of the fabrik to Steinway & Sons, which offer was accepted, and the business, good will and property were so sold without opposition from the plaintiff, and ever since has been conducted under the management of Steinway & Sons, and has become large and profitable, and annual dividends have been declared and accepted by all the stockholders, including the plaintiff.

By the terms of this accepted offer, mutual releases were agreed to be executed of all claims and demands in behalf of Steinway & Sons and the said piano fabrik as against each other, and the business and property were sold at inventory prices.

A reply was thereupon served, in which plaintiff admitted that he was present at the meeting, and in respect to the form of the offer made by defendant he averred: "But as to whether the offer so made is correctly set forth in said paragraph of said answer, this plaintiff is ignorant, and has no knowledge or information sufficient to form a belief."

Now, a reply was required because the defense did not appear to tender an issue of fact, but rather an issue which would be fatal to plaintiff unless its legal effect could be avoided. For this reason it was held that defendants were entitled to know whether the issue tendered would be admitted or denied, and if admitted, how plaintiff would seek to escape the apparent legal consequence of the admission.

Plaintiff seeks to avoid a full compliance with the order by alleging ignorance as to whether the offer is correctly set forth in the answer.

This is not in compliance with the requirements of the Code,

which makes it necessary, where a reply is required, that it should contain a general or specific denial of each material allegation controverted by the plaintiff, or of any knowledge or information sufficient to form a belief.

In the case at bar, not only is there an offer alleged containing sundry terms and material allegations, but it is further averred that mutual releases were made a part of it.

A denial generally of knowledge or information sufficient to form a belief as to whether the offer is correctly set forth, is not a denial of each material allegation to which the plaintiff is required to reply.

He urges that he cannot be expected to remember accurately the terms of a writing read in his presence several years ago.

A similar reason was assigned in *Wesson* v. *Judd* (1 Abb. Pr. 254), but the court made answer that if he had doubt as to the correctness of what purported to be a copy of the writing, he could have demanded an inspection of the original, and if refused, the court would compel its production.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.