LILLIAN CAUCHOIS, Appellant, *v.* WILLIAM PROCTOR, Respondent.

*Order requiring a plaintiff to reply to matter in avoidance, as distinguished from a counterclaim.*

Section 516 of the Code of Civil Procedure gives a legal discretion to the courts to direct a plaintiff to reply to new matter set up in an answer by way of avoidance as contradistinguished from a counterclaim, and the discretion should be exercised to promote the interest of justice.

Where a decedent has set up matter in avoidance in his answer, after confessing the original agreement alleged in the complaint, it is his right to know whether the plaintiff intends to controvert the facts so alleged, and the discretion of the court is wisely exercised in making an order requiring the plaintiff to reply to the same.

APPEAL by the plaintiff, Lillian Cauchois, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of February, 1894, granting the defendant's motion requiring the plaintiff to reply separately to the second and third defenses contained in the answer.

*Roger M. Sherman,* for the appellant.

*Theron G. Strong,* for the respondent.

DYKMAN, J.:

This is an appeal from an order made at the Special Term requiring the plaintiff to serve a reply to the second and third defenses set up in the answer of the defendant.

The action is to procure an accounting in relation to a partnership between the plaintiff and the defendant. The complaint alleges a partnership agreement between the parties, by which the plaintiff

became entitled to one-half of the profits of the business, and one-half of the capital.

The answer admits the execution of the agreement by the parties, but alleges that nothing was done under the same.

For a second defense the answer alleges that the defendant and the husband of the plaintiff entered into an agreement of co-partnership for the purpose of carrying on a certain business, which is described, that the husband thereafter became insolvent and applied to the defendant to release him from the partnership and substitute his wife in his place, and an agreement to that effect was prepared and executed.

But that no partnership was formed between the plaintiff and defendant, and nothing was done under that agreement, and the agreement was canceled and destroyed.

That thereupon an agreement was made between the defendant and the husband of the plaintiff whereby the co-partnership between them was dissolved and the husband sold all his right and interest in the assets of the firm to the defendant, and agreed to withdraw from the firm, and that thereafter the husband ceased to have any interest in the business.

For a third defense the answer alleges that the plaintiff and her husband finally settled and adjusted all their matters of difference with the defendant, and for a valuable consideration executed and delivered to him a release under seal of all claims and demands whatsoever.

Thereupon the defendant made a motion to require the plaintiff to reply to the second and third defenses separately, and the motion was granted. From that order granting the motion the plaintiff has appealed to this court.

The motion was made and granted under section 516 of the Code of Civil Procedure, the first clause of which is as follows : " Where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter."

That section commits a legal discretion to the courts to direct the plaintiff to reply to new matter set up in an answer by way of avoidance as contradistinguished from a counterclaim, and the discretion should be exercised to promote the interest of justice.

In this case the defendant has set up matter in avoidance after confessing the original agreement, and it is his right to know whether the plaintiff intends to controvert the facts so alleged. Such a course will avoid a surprise upon the trial and narrow the issues to be tried.

We think the discretion of the court was wisely exercised in making the order, and the cases of *Mercantile National Bank* v. *Corn Ex. Bank* (73 Hun, 78); *Steinway* v. *Steinway* (68 id. 430), support our conclusion.

The order should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.