(58 App. Div. 126.)

### HAND v. MILLER et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. PLEADING—DENYING EXECUTION OF CONTRACT.

An answer denying knowledge or information sufficient to form a belief as to the clause of the complaint in which the contract appears, and which avers its execution and delivery by defendants, with an admission immediately following in the same paragraph that defendants signed a certain paper, but denying any knowledge or information sufficient to form a belief as to whether the paper set forth in the complaint is the one which defendants signed, does not deny execution of the contract set out in the complaint.

2. PAROL EVIDENCE—VARYING CONTRACT—PLEADING.

No issue having been raised by the pleadings as to execution and delivery of the contract averred in the complaint, and it not appearing on its face to be an incomplete contract, parol evidence to change and vary its terms is not admissible.

3. SAME—INCOMPLETE CONTRACT.

A contract is not incomplete on its face, so as to admit of parol evidence to change and vary its terms, merely because the words that it contains the whole agreement between the parties are stricken out.

4. SAME—OBJECTIONS TO ADMISSION.

Where the negotiations leading up to the execution of the contracts are admissible on the issue whether there were three contracts, or one contract and two duplicates, though not to change or vary the terms of the contract, objection merely that the evidence was not admissible to change or vary the written contract is not sufficient to require the court to limit its application, either on its admission or in the charge to the jury.

5. WITNESS—EVIDENCE AS TO CHARACTER.

 Defendant having attacked the reputation of plaintiff's witness for truth and veracity, witnesses who state that they have known him for years, have had business relations with him, and that they are acquainted generally in the community in which he lives, may testify that his reputation for truth and veracity is good, though they state that they have never heard any one say anything about his character.

Appeal from trial term, New York county.

Action by George B. Hand against John Miller and another. From a judgment on a verdict for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Chas. De Hart Brower, for appellant.

Duncan Edwards, for respondents.

HATCH, J. This action is brought by the plaintiff, as an assignee of one Elwood S. Hand, to recover upon three contracts for advertising in a book describing the Hotel Majestic, made by the assignor with the defendants Miller and Ellis. Each contract is set out in a separate cause of action in the complaint. They are all alike, and each purports to bind the defendants to pay $285 for the insertion of each advertisement, payable in work other than for the Hotel Majestic.

The answer to the first cause of action averred in the complaint is peculiar in form. It first denies knowledge or information sufficient to form a belief as to that clause of the complaint in which the contract appears, and which avers its execution and delivery by the defendants to the plaintiff's assignor. This denial is followed in the same paragraph by an admission that the defendants signed a certain paper or memoranda, but denies any knowledge or information sufficient to form a belief as to whether the paper set forth in the complaint is the one which the defendants signed. The answer to the second and third causes of action are denials of the contracts therein set forth. For a third and separate defense, the answer avers that the contract was obtained by false and fraudulent representations upon the part of the plaintiff's assignor. For a fourth defense it avers that said assignor never performed the contract upon his part. These averments constitute the material issues presented by the pleadings. There is no defense, in terms, set up in the answer that the whole of the agreement of the parties was not reduced to writing, and no such issue was presented, unless it be contained in the second paragraph of the answer to the first cause of action, which is in form as hereinbefore stated. Upon the trial it was admitted by the defendant Miller, who alone answered, that he signed all three of the contracts, but he testified that in fact there was but one contract for advertising, and that the other two were mere duplicates, and that he executed them as such. The defense proceeded upon this theory, and evidence was given in its support tending to establish that the contract which was admittedly signed did not contain the whole of the agreement between the par-

ties, and that, instead of being three separate contracts, there was, in fact, but one. The evidence given in support of this claim embraced the negotiations which were had prior to the execution of the contracts. The plaintiff objected to this testimony, upon the ground that it tended to change and vary the terms and conditions of a written contract. The objection was overruled, and the plaintiff duly excepted.

We think that, as bearing upon this particular question, the objection was good. The second paragraph of the answer, to which we have heretofore adverted, raises no issue as to the execution and delivery of the contract which is averred in the first cause of action set out in the complaint. The first sentence of this answer would undoubtedly have been good as a denial, but it is immediately followed by an admission which wholly destroys its effect as a denial, and the subsequent averment, if it had any force, is simply a statement regarding the paper which the defendant signed, inconsistent with the averment of the complaint, and, taking the whole paragraph together, it is not a denial of the execution of the contract set out in the complaint to which it refers. Marston v. Swett, 66 N. Y. 206; Fleischmann v. Stern, 90 N. Y. 110; Berry v. Rowley, 11 App. Div. 396, 42 N. Y. Supp. 368; Wesson v. Judd, 1 Abb. Prac. 254.

No issue, therefore, having been raised as to the execution and delivery of the contract averred in the complaint, evidence was inadmissible to change and vary its terms, unless it appeared upon its face to be an incomplete contract, and, if it so appeared, parol evidence could only be given consistent with, and not contradictory to, its terms. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. An examination of the contract, however, shows it to be complete in all its terms. If there were doubt upon this point, the testimony of the defendant Miller is clear, to the effect that when he signed it its terms and conditions were talked over, and some parts of it were changed at the suggestion of the defendant, and after the changes were made they were signed and delivered. The fact that there was struck out of the contract, if it be a fact, the words that it contained the whole agreement between the parties, did not have the effect of making it an incomplete contract, or reserve the right in the defendants to change or vary its terms by parol evidence. All the negotiations between the parties resulting in the contract had then been had, and it is elementary law that, where the parties have reduced the terms of their negotiations to writing, it is to be assumed that the written agreement constitutes the whole of the contract. And if a party is thereafter at liberty to change or vary it by parol testimony, for no other reason than that it did not contain the whole of the agreement, and that such words were stricken out of the contract before its execution, there would be no virility left in the rule that written instruments may not be changed or modified by parol testimony. It was therefore improper in this case to receive parol testimony for the purposes of varying the written contract which was admittedly executed and delivered.

Although we reach this conclusion, it by no means follows that

the court committed reversible error. The sharp issue between these parties is whether one or three contracts were executed. The evidence upon the part of the defendant tends to establish that there was but one contract and two duplicates. As bearing upon such question, the evidence as to all the negotiations leading up to the execution of the contract was admissible, and for that purpose the evidence was properly received. Under such circumstances, it became the duty of the plaintiff to call the attention of the court to the matter, and request that, if the testimony be received, it should be limited to the issue as to which it might properly be introduced. This could have been done in one of two ways,—by raising the objection to the testimony so far as it tended to change or vary the written contract; or, if not presenting this view in the objection, by a request for the court to charge the jury that in considering the testimony they were only authorized to consider it as bearing upon whether three contracts were executed or only one. Plaintiff, however, in seeking to raise this question, urged alone that the evidence was not admissible to change or vary the written contract, but did not suggest that it be limited in any way, or admit that it would be proper for any purpose; and, while the court may have assumed that it was proper to be received to change or vary the written contract, yet it also assumed that it was proper for consideration as bearing upon the issue as to whether three contracts were executed or only one. It is by no means clear, therefore, that the plaintiff properly presented to the court an objection in such form that it was error to overrule it, and, as he made no request to limit the effect of the proof by a charge to the jury, we think the particular point was not properly raised, and this is reenforced by the fact that the plaintiff acquiesced in the charge as made.

There was, however, reversible error committed in the ruling of the court upon the question of character. The defendant called several witnesses, who testified that the reputation for truth and veracity of the assignor, who was a witness for the plaintiff, was bad. The plaintiff called several witnesses in rebuttal of this testimony, who testified that they had known the assignor for from 8 to 15 years, had had business relations with him, and that his reputation for truth and veracity was good. Upon cross-examination, these witnesses testified that they had never heard any one say anything about the assignor's character. This fact appearing, the defendant made a motion to strike out such testimony, the same was granted, and the testimony stricken out. All of these witnesses had testified that they were acquainted, generally, in the community where the assignor lived, and one of them, who was the postmaster of the town, that he knew everybody in the town. The ruling undoubtedly proceeded upon the ground that the witnesses had no knowledge of the assignor's character, because they had never heard it discussed. It is evident that such ruling cannot be sustained. In effect, it is to hold that if a man's character in the community is so high and pure that it is never the subject of discussion, but is always assumed to be good, he is powerless

when attacked to show a good character. Such a holding would reduce the application of the rule to those persons only whose characters are shady enough to become the subject of discussion. Such is not the rule. It is always proper to show a character so high as to be beyond discussion. And when witnesses are called who know the person and the inhabitants of the community in which he lives, and they testify that his character has never been the subject of discussion, it is strong proof, although perhaps negative in character, from which the jury may find that his reputation for truth and veracity is unquestionably assumed to be good by all who know him. People v. Davis, 21 Wend. 309; 29 Am. & Eng. Enc. Law, 825.

This ruling was therefore error, for which the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.