(157 App. Div. 446.)

### THEOBALD v. UNITED STATES RUBBER CO. et al.

(Supreme Court, Appellate Division, First Department.  June 13, 1913.)

PLEADING (§ 367*)—REPLY—DENIALS OF KNOWLEDGE OR INFORMATION.

> Where, in a stockholder's action against a director to recover money alleged to have been unlawfully paid him by the corporation, plaintiff was ordered to reply to the new matter alleged in the answer, to the effect that it was paid pursuant to a duly authorized contract ratified by the stockholders, and setting up documents and resolutions forming part of the corporate records, the order providing that, for the purpose of so replying, plaintiff should be permitted to examine the by-laws, corporate records, and the contracts, reports, and other writings alleged in the answer, she would be required to make more definite and certain her reply, denying, for lack of knowledge or information sufficient to form a belief, the existence of such contracts, resolutions, etc., since, having knowledge or the ready means of acquiring knowledge, she could not merely deny knowledge or information sufficient to form a belief.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, New York County.

Action by Caroline De Wolf Theobald against the United States Rubber Company and others.  From an order denying a motion that the reply be made more definite and certain, defendants appeal.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis Lynde Stetson, of New York City, for appellants.
J. E. Salomon, of New York City, for respondent.

SCOTT, J.  The plaintiff, a stockholder of the United States Rubber Company, sues the appellant Samuel P. Colt upon a complaint alleging in substance that he, being a director of the said United States Rubber Company, unlawfully took and retained a large sum of money the property of the company, and that other defendants, being also directors of the company, willfully and knowingly permitted him to do so.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The appellant, by his answer, admits the receipt of the money, but denies that it was received unlawfully, and by way of separate defenses alleges that the sum received by him was paid pursuant to a contract duly authorized by the directors, and further that the said contract was duly ratified by the stockholders of the Rubber Company, with full knowledge, at a general meeting. Incorporated in the answer, and appended thereto, and made part thereof by reference, are copies of certain documents and resolutions forming part of the records of the Rubber Company, and apparently serving to support the allegations of the separate defenses.

Upon appellant's motion, and upon the consent of plaintiff, an order was heretofore made requiring the plaintiff to reply to the new matter incorporated into defendant's answer, and consisting of separate defenses alleged therein. Into this order was inserted a provision that, for the purpose of enabling the plaintiff to make definite and certain her reply to said new matter, she should have an examination of the by-laws of the Rubber Company, the records of the corporate proceedings, and of the contracts, reports, and other writings referred to in said separate defenses.

It is not charged that any obstacle has been interposed to such examination by plaintiff, and yet she has seen fit to reply by denying, for lack of knowledge or information sufficient to form a belief, the existence of the contracts, resolutions, and the like set up by appellant in his separate defenses, and forming a part of the records of the Rubber Company, of which she was accorded the right of examination for the very purpose of avoiding an indefinite and uncertain reply.

This manner of pleading has frequently been condemned. Steinway v. Steinway, 74 Hun, 423, 26 N. Y. Supp. 657; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328. The plaintiff has knowledge, or the ready means of ascertaining, whether or not the contracts and resolutions pleaded by appellant were actually executed and adopted, and may not put their existence in issue by a denial of knowledge or information sufficient to form a belief. Of course, if she cannot deny their execution and existence, she is still at liberty to attack their validity or force in any way she sees fit.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated, with $10 costs. Settle order on notice. All concur.