JOSEPH E. HURWITZ and SIMON SULSKY, Respondents, *v.* CALVIN REALTY CORPORATION and Others, Defendants, Impleaded with JULIUS J. DUKAS, as Trustee in Bankruptcy etc., Respondent, and SOLOMON LEVIN, Appellant.

First Department, February 4, 1921.

**Liens — foreclosure of mechanic's lien — evidence insufficient to support judgment on theory of quantum meruit — plaintiff has same burden in equity and same rules of evidence apply as in action at law.**

In an action to foreclose a mechanic's lien wherein the complaint was framed upon a contract and also upon *quantum meruit,* the plaintiffs stating at the trial, however, that they did not rely upon a contract, the evidence was insufficient to support a judgment on the theory of *quantum meruit,* for it did not prove what materials were furnished and the reasonable value thereof, and what labor was performed and its reasonable value.

Though the instant case is in equity the plaintiffs must bear the same burden of proving their cause by legal and competent evidence as the plaintiff in any action.

APPEAL by the defendant, Solomon Levin, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 18th day of February, 1920, upon the decision of the court rendered after a trial at the New York Special Term in an action to foreclose a mechanic's lien.

*Meyer Levy,* for the appellant.

*Gerson C. Young,* for the plaintiffs, respondents.

*Louis B. Boudin,* for the respondent Julius J. Dukas, as trustee, etc.

PAGE, J.:

The plaintiffs were subcontractors of the defendant Levin who had a contract for restoration of a building partly destroyed by fire. The plaintiffs' notice of lien makes no mention of the contract, but states that the name of the person by whom the lienors were employed and to whom they furnished

materials is Solomon Levin; that the labor performed was carpentry, glazing and hanging hardware; the material furnished was hardware, lumber, trim, sash, doors and glass; that the agreed price and value of such labor and materials is $3,861.25 and the amount unpaid is $2,062.03. We consider it doubtful whether this notice complied with the requirements of the Lien Law. (See § 9, as amd. by Laws of 1916, chap. 507.) There is, however, a more substantial defect in the plaintiffs' case.

The complaint in the action was framed upon a contract and also upon a *quantum meruit*, the plaintiffs stating at the trial that they did not claim under the contract. The evidence was entirely insufficient to support a judgment on that theory. It was necessary for the plaintiffs to prove what materials were furnished and the reasonable value thereof, what labor was performed and its reasonable value. One of the plaintiffs was allowed to testify, reading from the bill of particulars, which he had no part in preparing, and which was not made up of any book entries or memoranda he had prepared or ever seen, upon the theory that he was refreshing his recollection. The language of the bill of particulars was very general, and the testimony of the witness merely added to this general language " We furnished " or " furnished and erected " or " installed." No testimony was given as to the details of any of the material or the value thereof or of the amount of labor. This evidence was accepted as proof of the performance of the contract for which the contract price was $2,300. Some deduction was made for certain things that the plaintiffs admitted they had failed to furnish which were called for by the contract. As to the extra labor performed and the materials furnished, the other plaintiff, who gave the information to the attorney to enable him to prepare the bill of particulars, was allowed to testify from the bill of particulars in the same general manner. He, however, gave his estimate as to the amount of materials and the amount of labor that must have been furnished or employed, which gave a total of about $1,500. Not a book was produced nor was any proof offered as to the actual amount of materials furnished or the actual amount of labor performed.

The plaintiffs failed to prove any cause of action upon a *quantum meruit.* They admit that they did not perform the contract; in fact in their reply they state " that all of the provisions of said agreement were disregarded in respect to the work and material set forth in the complaint." The plaintiffs' attorney realizing that tested by the rules of evidence he had failed to establish a case, claims in his brief that such rules are not to be invoked " in an action in equity triable before the court without a jury, where very frequently a good deal of testimony is permitted merely for the purpose of aiding the conscience of the court and enabling it to come to a just decision," while he states that he does not admit that incompetent testimony was allowed, but " that if any of the testimony was not strictly in exact accord with the strict rules of evidence, such testimony did not in any way prejudice the rights of the appellant."

Plaintiffs in a court of equity must bear the same burden of proving their cause of action by legal and competent evidence as the plaintiff in any action; and in this case they failed to establish their cause of action either upon a *quantum meruit* or upon contract. The motion made at the close of the plaintiffs' case should have been granted. The findings of the court in so far as they relate to the plaintiffs' lien and the portion of the judgment entered thereon should be reversed, with costs to the appellant, and the complaint dismissed, with costs to the defendant Solomon Levin.

Clarke, P. J., Laughlin, Smith and Merrell, JJ., concur.

The portion of the judgment relating to plaintiffs' lien reversed, with costs, and the complaint dismissed, with costs to the defendant Solomon Levin. Settle order on notice.