# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

**JUNE TERM, 1923.**

---

S. CANNING CHILDS, respondent,

*v.*

SOUTH JERSEY AMUSEMENT COMPANY, appellant.

[Decided November 19th, 1923.]

The date of the maturity of a mortgage, expressed in the instrument, cannot be varied by evidence of a parol agreement entered into by the parties prior to, or contemporaneously with, its execution and delivery.

---

On appeal from a decree in chancery.

*Mr. William S. Darnell* (on the brief) and *Mr. William C. Waltman* (of the Philadelphia bar), for the appellant.

*Mr. William J. Kraft,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a decree of foreclosure on a bill filed by the complainant, Childs, against the Amusement company. The mortgage in suit bears date August 6th, 1921; it was given to secure the payment of $40,000, and was payable, by its terms, in one year from its date. The only defense set up as a bar to the foreclosure was that when the giving of the mortgage was being arranged for it was represented by the defendant to a Mr. Kraft, who was acting for the complainant, that it was unwilling to give a mortgage payable in one year from date, and that thereupon Kraft, as the duly authorized agent of the complainant, Childs, stated that payment of the mortgage would not be required at the end of the year, but that, notwithstanding the due date expressed in the instrument, it should not be payable until the expiration of two years from its making and delivery, and that, upon the faith of this statement and representation, the mortgage was then executed and delivered by the defendant.

Assuming that such an agreement as is outlined above was entered into between the parties, it constitutes no defense to a foreclosure of the mortgage. By the express provision of the writing, it is payable at the end of one year from its date, and this written provision cannot be altered or varied by any prior or contemporaneous parol agreement. In the case of *Parker* v. *Jameson, 32 N. J. Eq. 222,* a similar defense was attempted to be set up in a foreclosure proceeding; that is, that at the time of the delivery of the mortgage a parol agreement was entered into between the parties thereto, by which the defendant was not to be required to pay the mortgage according to its terms. Vice-Chancellor Van Fleet, in dealing with this defense, says: "The question, it will be perceived, is whether this contemporaneous parol agreement can be given effect so as to alter or vary the terms of the mortgage. The law upon this subject is elementary. It is part of the alphabet of the law of evidence that when the parties to a contract

have deliberately put their engagements into writing, in such terms as to import a legal obligation, without any uncertainty as to the object or extent of their engagements, it is conclusively presumed that every part of their contract was reduced to writing; and all oral evidence, therefore, of what was said previously, or at the time the writing was executed, must be excluded, on the ground that the parties have made the writing the only evidence of what they agreed to, and whatever is not found there must be understood to have been waived and abandoned." And Mr. Justice Depue, in *Naumberg* v. *Young, 44 N. J. Law 331, 339,* uses the following language: "The only safe criterion of the completeness of a written contract as a full expression of the terms of the parties' agreement is the contract itself. When parties have deliberately put their mutual engagements into writing in such language as imports a legal obligation * * * all parol testimony of conversations held between the parties, or of declarations made by either of them, whether before or at the time of the completion of the contract, will be rejected. If the contract purports to contain the whole agreement, and it is not apparent from the writing itself that something is left out to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is not admissible." And this rule was reiterated by this court in the case of *Van Horn* v. *Van Horn, 49 N. J. Eq. 327,* the rule being there stated as follows: "In the absence of ambiguity in a written agreement which is complete, oral evidence cannot be introduced to explain or vary it. If, through mistake, an agreement in writing does not express the contract which the parties intended to make, the remedy is in equity to reform it; but until it is so reformed it is unassailable by parol testimony." It is unnecessary to multiply citations. This rule of law has been repeated frequently by our courts since the promulgation of the opinions from which we have quoted and has always been enforced without modification.

For the reason stated the decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—10.

*For reversal*—None.