David Yager, Plaintiff, v. Ajax Chemical and Surgical Commodities, Inc., and George D. Orlove, Defendants.

City Court of the City of New York, January (Received February, 1924).

Bills and notes — action on note and to foreclose chattel mortgage given by corporation as security for payment — written consent of stockholders provided for return of chattels covered by mortgage to plaintiff in case of default — when corporation estopped from contradicting written instruments — when parol evidence inadmissible in attempt to substitute parties — judgment for plaintiff.

The defendant corporation and its president at the time they delivered to plaintiff the promissory note of the corporation for $1,500 also delivered to him a chattel mortgage conditioned that in the event of defendants' failure to pay the amount of the note, with interest, on or before August 17, 1923, plaintiff was to be entitled to the possession of the mortgaged property. The defendants also executed on behalf of the corporation a certificate of its secretary duly acknowledged and a consent of the stockholders providing that the corporation was to hold the mortgaged property until August 17, 1923, and in case of default in the payment of the indebtedness secured by the chattel mortgage the property covered thereby was to be turned over to plaintiff in order that the mortgage might be foreclosed to satisfy the indebtedness on the note. The mortgage was duly filed in the office of the register of the county in which, when the mortgage was executed, the corporation had its principal place of business. In an action to recover the amount of the note and to foreclose the chattel mortgage it appeared that when the note became due the defendants refused to turn over to plaintiff the property covered by the chattel mortgage, after demand therefor. Held, that the execution of the chattel mortgage and the consent of stockholders was with intent to give them as security for the payment of the note, and that defendants were estopped from in any manner contradicting the writings entered into as the contract of the parties.

It was not disputed that one R., the son-in-law of plaintiff, was merely acting as the agent of plaintiff in connection with having the necessary instruments to secure the payment of the note executed by the defendants to the order of and in the name of the plaintiff. Held, that as the chattel mortgage, secretary's certificate, consent of the stockholders of the defendant corporation, including the note, all indicated that plaintiff was the real party in interest, parol evidence was inadmissible to vary or contradict the writing in an attempt to substitute R. as the real party in interest.

Judgment in favor of plaintiff for the amount claimed, with direction that the defendant corporation deliver up the property mentioned in the chattel mortgage to plaintiff, in order that it may be sold to liquidate the indebtedness owed by said corporation to plaintiff.

Action on promissory note and to foreclose a chattel mortgage.

Solomon Brinn, for plaintiff on motion.

Charles Wushupt, for defendants, opposed.

36

Finelite, J. This is an action brought by the plaintiff against the defendant Ajax Chemical and Surgical Commodities, Inc., and George D. Orlove, its president, to recover the sum of $1,500 and to foreclose a chattel mortgage. The action was tried before the court without a jury. Said sum of $1,500 is evidenced by a certain promissory note made by said defendant corporation. The chattel mortgage was delivered upon condition that in the event of the failure of said defendants to pay said sum of $1,500, with interest thereon, on or before August 17, 1923, then the said plaintiff was to be entitled to the possession of the property mentioned in such chattel mortgage. The defendants also executed on behalf of the corporation a certificate of the secretary thereof, duly acknowledged, and a consent of the stockholders of said corporation providing that the corporation was to hold said property until said 17th day of August, 1923, and in the event of the default in the payment of the indebtedness secured by said chattel mortgage the property was to be turned over to the plaintiff herein, so that the said mortgage may be foreclosed against said property for the purpose of satisfying the indebtedness represented by said note. It appears that said mortgage was thereafter duly filed in the office of the register of the county of New York, in which city the said corporation had its principal place of business at the date of the execution of said mortgage; that on the 17th day of May, 1923, said note became due and the said defendants refused to turn over the chattels mentioned in said mortgage to the plaintiff after demand had been made. The defendant contended upon the trial hereof that it had received, through its president, the said sum of $1,500; that said note on behalf of the defendants had been duly executed by said George D. Orlove, its president, also the certificate of the secretary, the consent of the stockholders and the affidavit setting forth the loan to said corporation, but that one Regensberg was desirous of going into business with the defendant Orlove, who was dealing in wines, bottles and corks, which said business was to be conducted by him and Regensberg; that the said wines, bottled and corked, were to be delivered to the latter at his residence, and that when this was done the obligation should be canceled. It appears from the testimony that the said Regensberg is the son-in-law of the plaintiff herein. It further appears from the evidence herein that the said Orlove, on behalf of the corporation which he represented and of which he was the president, was desirous of obtaining a loan in the sum of $1,500 from the plaintiff, and he claims that he was unable to obtain it from the plaintiff but obtained it from Regensberg, who he claims is the real party in interest in this case. This contention is denied by the plaintiff, with the exception that the

plaintiff admits that the said Regensberg is the son-in-law of the plaintiff herein. It further appears from the evidence herein that the plaintiff did advance to the defendant the said moneys through Regensberg, who represented the plaintiff herein as to the execution of the instruments aforesaid in the name of the plaintiff herein, and that no conversation was had between the said plaintiff and the defendants in reference to the purchase of wines, corks and bottles, or that Regensberg should represent him in the purchase of the same from the said Orlove, the president of the defendant corporation. It is not denied, from the facts adduced upon the trial hereof, that the defendants did execute the chattel mortgage, secretary's certificate, stockholders' consent and the necessary affidavit hereinbefore mentioned to secure the payment of the sum of $1,500, all in the name of the plaintiff herein. It is also not disputed that the said Regensberg was merely acting as the agent for the plaintiff in connection with having the necessary instruments to secure the payment of said indebtedness executed by the defendants to the order of and in the name of the plaintiff herein. It appears further from the evidence that the said Orlove, as president of the defendant corporation, upon receipt of the check cashed the same and deposited the proceeds thereof to the credit of the account of the defendant corporation. As this case was tried without a jury the court granted to the defendant a great deal of latitude to explain, if it could, in what manner the said Regensberg entered into the agreement with it for the purchase of wines, bottles and corks in order, if possible, to ascertain whether or not he was the real party in interest instead of the plaintiff herein. Unfortunately for the defendants the courts of this state have repeatedly held that parol testimony is inadmissible to vary or contradict an instrument delivered and complete upon its face. Chamberlayne in his Handbook on Evidence, page 862, says: " Parol evidence is inadmissible to vary, alter, control or contradict the terms of a written instrument in an action founded upon such writing between the parties or privies thereto. This is what is known as the parol evidence rule, long recognized and applied at common law and one which has proved to be full of many difficulties in its applications by the court. Whether it is a rule of evidence or one of substantive law has been the subject of some discussion." And again, at page 867, the same author said: " Thus evidence has been rejected when offered for the purpose of showing where an instrument was valid and enforcible upon its face that there was an agreement that it should become void upon the happening of a certain event. To permit such evidence would render written instruments relied upon as the embodiment of the undertaking entered into as of little

value." And again, at page 869: " So where a party executes and delivers an instrument such as a note, for instance, and receives a valuable consideration therefor, he will not be permitted to show an agreement to the effect that payment should never be enforced or demanded." Again, at page 872: " In all cases, however, the presiding judge will be guided by the principles of the substantive law which decrees that the instrument is to be regarded as the final embodiment of the agreement of the parties and will be careful to exclude all evidence which, offered under the guise of an aid in the interpretation or explanation of a writing, in reality tends to contradict, vary or alter an instrument which is clearly expressed." As this question is no longer a mooted one the Court of Errors and Appeals of New Jersey has recently held in the case of *Childs* v. *South Jersey Amusement Co.*, 122 Atl. Rep. 803, that a parol collateral agreement made at the time when the giving of a mortgage was being arranged for that the mortgage though in terms payable in one year should run for two years, will not preclude foreclosure when the mortgage fell due and was payable according to its written terms. And the court therein held that parol evidence cannot be given in the state of New Jersey of such an agreement made before or at the time of the delivery of the bond and mortgage in contradiction of the writing. *Martin* v. *Rapelye*, 3 Edw. Ch. 243; Thomas Mort. (3d ed.) § 216, p. 174. The reason for this rule is because the written provision being clear and unambiguous cannot under the parol evidence rule be altered or varied by any prior or contemporaneous oral agreement. *Parker* v. *Jameson*, 32 N. J. Eq. 222. And from the opinion of Chief Justice Gummere, writing on this point for the Court of Errors and Appeals, I quote in part as follows: "Assuming that such an agreement as is outlined above was entered into between the parties, it constitutes no defense to a foreclosure of the mortgage. By the express provisions of the writing it is payable at the end of one year from its date and this written provision cannot be altered or varied by any prior or contemporaneous parol agreement." In the case of *Parker* v. *Jameson, supra,* a similar defense was attempted to be set up in a foreclosure proceeding; that is, that at the time of the delivery of the mortgage a parol agreement was entered into between the parties thereto by which the defendant was not to be required to pay the mortgage according to its terms, and Vice-Chancellor Van Fleet, in dealing with this defense, says (p. 223): " The question, it will be perceived, is, whether this contemporaneous parol agreement can be given effect  *  *  *  so as to alter or vary the terms of the mortgage. The law upon this subject is elementary. It is part of the alphabet of the law of evidence, that when the parties

to a contract have deliberately put their engagements into writing, in such terms as to import a legal obligation, without any uncertainty as to the object or extent of their engagements, it is conclusively presumed that every part of their contract was reduced to writing; and all oral evidence, therefore, of what was said previously, or at the time the writing was executed must be excluded, on the ground that the parties have made the writing the only evidence of what they agreed to, and whatever is not found there must be understood to have been waived and abandoned." Justice Depue in *Naumberg* v. *Young*, 44 N. J. L. 331, 339, uses the following language: " The only safe criterion of the completeness of a written contract as a full expression of the terms of the parties' agreement, is the contract itself. When parties have deliberately put their mutual engagements in writing in such language as imports a legal obligation * * * all parol testimony of conversations held between the parties, or of declarations made by either of them, whether before * * * or at the time of the completion of the contract, will be rejected. * * * If the written contracts purport to contain the whole agreement and it is not apparent from the writing itself that something is left out to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is not admissible." See editorial, N. Y. L. J. Feb. 15, 1924. This same rule has been applied in this state in the case of *Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291, which was an action brought upon a promissory note made and delivered by the defendant to the plaintiff. The note was accompanied by a contract in writing showing that the note was given for a scholarship. The defendant contended that the note was not to be paid if he should decide not to take the instructions and attempted to introduce parol evidence to that effect. The court held that " since the delivery of the note was not a conditional delivery, not to become complete and effective until the happening of some condition precedent, but was an absolute delivery which cannot be defeated by the happening of any subsequent contingency." The court further said: The general rule that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms applies to promissory notes and bills of exchange. See, also, to the same effect *Hand* v. *Miller*, 58 App. Div. 126, 128, wherein the court said: " No issue, therefore, having been raised as to the execution and delivery of the contract averred in the complaint, evidence was inadmissible to change and vary its terms unless it appeared upon its face to be an incomplete contract, and if it so appeared, parol evidence could only be given consistent with and not contradictory to its terms.

* * * And if a party is thereafter at liberty to change or vary it by parol testimony, for no other reason than that it did not contain the whole of the agreement, and that such words were stricken out of the contract before its execution there would be no virility left in the rule that written instruments may not be changed or modified by parol testimony. It was, therefore, improper in this case to receive parol testimony for the purposes of varying the written contract * * *." *Schoonmaker* v. *Hoyt*, 148 N. Y. 425-431; *Dady* v. *O'Rourke*, 172 id. 447-453; *Bowery Bank of N. Y.* v. *Hart*, 77 App. Div. 121; *Kinney* v. *McBride & Co.*, 88 id. 92; *Pirretti* v. *Firestone Tire & Rubber Co.*, 120 N. Y. Supp. 782-784. Therefore, I fail to see in what respect defendants can show by parol evidence that Regensberg was the real party in interest and not the plaintiff herein, in view of the admission by the defendant, which is supported by instruments offered in evidence, to wit, the note, chattel mortgage, secretary's certificate and the consent of the stockholders duly executed and delivered by the defendants to the plaintiff herein. There is only one instance in law when parol evidence could or would be admissible, either prior to or at the time of the execution of an instrument, to vary or contradict its terms, and that is where fraud or want of consideration is charged. Otherwise no contract rule can be said to exist. *Nat. Garment Retailers' Association* v. *Seidel*, 185 N. Y. Supp. 865; *Raphael* v. *Hulett Motor Car Co., Inc.*, 188 id. 209; *Harris* v. *Eakins*, 201 App. Div. 257. In the case last cited the court said (p. 259): "A party cannot make proof of a parol agreement preceding or accompanying the execution of a written contract for the purpose of establishing a different obligation from that contained in the written contract, when the contract covers the entire relations of the parties, since this would result in varying and contradicting by parol the provisions of an instrument whereby parties have fully and absolutely established their engagements." And to the same effect see *Banque Franco Americaine* v. *Bergstrom*, 171 App. Div. 870; affd., 225 N. Y. 710; *Savage Realty Co.* v. *Lust*, 203 App. Div. 55; *Smith* v. *Dotterweich*, 200 N. Y. 299; *Guinzburg* v. *Blustein*, 121 Misc. Rep. 784; *Hurwitz* v. *Fox*, 195 App. Div. 416; *Ocheo Realty Corporation* v. *Sev Realty Corporation*, 205 id. 324, which sustain the above principle. From a reading of the above cases, the defendant is estopped from in any manner contradicting the writings entered into as the contract of the parties. Nor can the defendant attempt to substitute Regensberg as the real party in interest instead of the plaintiff. The mortgage, secretary's certificate, consent of the stockholders of the corporation, including the note in question, all indicate that the plaintiff herein is the real party in interest, that no fraud was committed

and that no misrepresentations were made. Nor has the defendant proven that the contract which was entered into between the parties is in any manner ambiguous or doubtful, and, therefore, the parol evidence rule cannot be resorted to by the defendants. As to the obligation which was entered into by the defendants to secure the plaintiff for the payment of said note, viz., by executing and delivering to the plaintiff a chattel mortgage, are not the defendants estopped by their own agreement? From the testimony adduced on the trial, as well as the documentary evidence therein, I am of the opinion that it was the intent of the parties when those instruments were executed to give them as security to pay the indebtedness of $1,500, as evidenced by the promissory note executed by the defendants, and, upon failure to pay said promissory note when the same fell due, then the defendants were obligated under their agreement to deliver over the property covered by the chattel mortgage to the plaintiff herein, to be disposed of for the purpose, if possible, of liquidating the indebtedness against the defendants. Therefore, under all the circumstances involved herein, the court directs that plaintiff is entitled to judgment for the amount sued for herein, and the defendant, the Ajax Chemical and Surgical Commodities, Inc., is directed to deliver up the personal property mentioned in said chattel mortgage to the plaintiff herein, in order that the same may be sold to liquidate the indebtedness owed by it to the plaintiff. Settle order on one day's notice.

Judgment accordingly.