## BEEBE *a.* MARVIN.

*New York Superior Court; General Term, Dec.,* 1863.

SHAM AND FALSE ANSWER.—EFFECT OF NOTICE OF TRIAL.—
JUDGMENT OF SISTER STATE.

Serving a notice of trial is not a waiver of a motion previously noticed to strike
out the answer in the cause as sham or false.

In an action upon a judgment recovered in a sister State, proof that the defendant
appeared in the original action, and a certified copy of the judgment record,
are, in the absence of affidavits on the part of the defendant, sufficient evi-
dence of the falsity of an answer denying knowledge or information sufficient
to form a belief as to the recovery of the judgment and the jurisdiction of the
court which rendered it.

Appeal from an order striking out an answer as sham and
false.

This action was brought by George M. Beebe against Walter
K. Marvin on a judgment recovered in Kansas for $364. The
complaint alleged the recovery of the judgment in Kansas; that
the Kansas court had jurisdiction of the action and of the per-
son of the defendant, and that the defendant appeared in the
action there; that the judgment was unpaid, and due and owing,
and that the defendant had been requested, and refused to pay
it; and that judgment was therefore demanded in this suit, with
interest and costs.

The defendant obtained some thirty or forty days additional
time to answer, upon the allegation that he was absent from
Kansas at the time of the alleged recovery of the judgment
against him there, and that it was necessary that he should pro-
cure a certified copy of such judgment before answering, and
that he had sent to Kansas for such copy of the judgment.

On May 8, 1863, the defendant answered by merely denying
knowledge or information sufficient to form a belief of the
truth of the facts alleged in the complaint.

A motion was made upon the pleadings, and upon an affidavit

of the plaintiff's attorney, stating that he had in his possession a duly exemplified copy of the record of the Kansas judgment; from which record it appeared that the defendant had appeared, by Charles Chadwick, his attorney, and answered in the action in Kansas, and that judgment was thereafter rendered in that action in favor of the plaintiff for $364.

Notice of the motion was served on the defendant's attorney in this suit on May 13, 1863.

On May 14, 1863, the plaintiff served on the defendant's attorney a notice of trial of the issue of facts in the causes, for the next June term of this court.

An order was made by Mr. Justice White, at Chambers, striking out the answer as sham and false. From this order the defendant appealed.

*Miller, Peet & Nichols*, for the appellant.

*Edwards & Odell*, for the respondent.—I. The motion, under § 152 of the Code, may be made at any time *before trial.* (Miln *a.* Vose, 4 *Sandf.*, 660.)

II. The motion was not waived by the notice of trial. The two proceedings were in no way inconsistent. Nor does the Code limit such a motion to those cases in which no notice of trial has been served. (Kellogg *a.* Baker, 15 *Abbotts' Pr.*, 286 ; Miln *a.* Vose, 4 *Sandf.*, 660.)

III. The defendant should be required to assign conclusive reasons in support of an objection so purely technical. The decision at special term was right upon the merits.

IV. When the matters alleged are necessarily or presumptively within the defendant's personal knowledge, he cannot deny sufficient knowledge or information. (*Voorhies' Code,* 7 ed., cases cited, p. 203 ; Richardson *a.* Wilson, 4 *Sandf.*, 708.)

V. Every legal presumption will be given in favor of, and to uphold such jurisdiction of the Kansas court. (Harrod *a.* Barretto, 1 *Hall*, 155.) And a defendant can give no evidence to disprove the presumption, unless he, in his answer, expressly denies such jurisdiction. (*Ib.*)

The allegation, therefore, stands admitted.

Cahill *a.* Palmer.

By the Court.*—Robertson, J.—The defendant appeared in the action in which the judgment sued on was recovered. He procured delay three times, in pleading in this action for order to have time to obtain a copy of the judgment. A certified copy of the judgment is produced, and his only answer is ignorance of all matters charged in the complaint. It is not enough in such case, where the presumption is of knowledge (1 *Voor. Code,* 7 ed., 203, cases cited; Richardson *a.* Wilton, 4 *Sandf.*, 708), simply to rest on ignorance. Every presumption is in favor of the jurisdiction of the court of Kansas (Harrod *a.* Barretto, 1 *Hall,* 155); and there was no error in the order striking out the answer for that reason. The plaintiff was not barred from making the motion by having noticed the issues for trial. He was entitled to the earliest disposition of a sham defence he could get. Kellogg *a.* Baker (15 *Abbotts' Pr.*, 286), is not against this view.

The order appealed from must be affirmed, with costs.