## SUPREME COURT.

### Abigal Roblin agt. Nelson Long.

*Answer — when sham or frivolous — Practice as to — Action to enforce a foreign judgment — When answer to be deemed sham and frivolous — Jurisdiction of the court to compel a defendant to convey lands which are beyond its jurisdiction — Code of Civil Procedure, section 537.*

Under section 247 of the Code of Procedure, where "a demurrer, answer or reply is frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of court, for judgment thereon, and judgment may be given accordingly." This practice is not changed, but remains the same under section 537 of the Code of Civil Procedure.

In an action brought in the courts of this state to enforce the judgment and decrees of the courts of a foreign state or country, an answer denying any knowledge or information sufficient to form a belief as to all the material allegations of the complaint will be stricken out as sham where the defendant appeared in the original action.

The law is well settled in this country that courts of justice in one state will, out of comity, enforce the laws of another state or country when, by such enforcement, they will not violate their own laws or inflict injury upon some one of their own citizens.

This court having acquired jurisdiction of the person of the defendant, it possesses full power to enforce the judgment and decree of the chancery court of Canada, to the extent of compelling defendant to convey the lands mentioned in the complaint, though the same are situated in the Province of Canada and without the jurisdiction of this court.

*Jefferson Special Term, December,* 1880.

This action was brought to enforce a judgment and decree of the court of chancery of the Province of Ontario and Dominion of Canada. The original action was commenced to compel the defendant to deliver to plaintiff the patent of certain lands situate in Shannonville in said province. The complaint in this action contained a certified copy of the decree of the foreign court of chancery, one of the provisions of which was, that the "defendant do *forthwith deliver* to the

Roblin agt. Long.

plaintiff the patent of the lands and premises mentioned and described in the complaint, and that said defendant do forthwith pay to the plaintiff the costs of the action, taxed by the registrar at $195.95." The defendant appeared in the foreign court and contested the plaintiff's right to maintain the action, and a judgment was recovered against him on the merits. The defendant left Canada and came to this state without complying with the terms of said decree.

This action was commenced by the personal service of a summons and complaint in this state. The defendant appeared and answered:

1. "Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation of the complaint."

2. "The defendent denies, on his information and belief, that the supreme court of the state of New York has jurisdiction to enforce the decree or judgment of the court of chancery of the Province of Ontario, of or concerning real estate, situate in the said Province of Ontario, or of any action founded upon the judgment or decree of said court concerning real estate situate in said province."

The plaintiff moved, upon the pleadings and upon an exemplified copy of the foreign judgment, that the defendant's answer herein be stricken out as *sham* and *frivolous*, and that she have judgment for the relief demanded in the complaint, with ten dollars costs of the motion, and for such other relief as the court might deem proper to grant.

*Anson B. Moore*, for plaintiff.

I. The answer in this case is manifestly sham and frivolous and should be stricken out, and judgment ordered for the plaintiff for the relief demanded in the complaint. The moving papers show, and it is indisputable that defendant appeared in the foreign court of chancery by attorney; that a trial was had on the merits, and judgment passed against him. In an action on such a judgment the adjudication of

the foreign court is conclusive and bars a defense in this state (*Lazier* agt. *Wescott*, 26 *N. Y. R.*, 146; *Kerr* agt. *Kerr*, 41 *N. Y. R.*, 272).

II. The first count in the answer is bad. The rule is well settled in this state, that where an action is brought to enforce a foreign judgment or decree, and defendant's answer is a general denial " on information and belief " merely, the same will be stricken out, on motion, as sham and frivolous (*Beebee* agt. *Marvin*, 17 *Abb.*, 194; *Richardson* agt. *Wilton*, 4 *Sandf.*, 708).

III. The courts of this state possess full power and authority to enforce the judgments and decrees of the courts of foreign states and countries. By comity of nations, where jurisdiction is obtained of the person of defendant, this rule will be enforced to the extent of compelling defendant to convey lands which are beyond and not within the jurisdiction of this court. " When the defendant in the action is liable to the plaintiff, either in consequence of contract, or as trustee, or as holder of a legal title acquired by any species of *mala fides* practiced on the plaintiff, the principles of equity give a court jurisdiction wherever the person may be found, and the circumstance that a question of title may be involved in the inquiry and may even constitute the essential point on which the case depends, does not seem sufficient to arrest jurisdiction " (*Massie* agt. *Watts*, 6 *Cranch*, 148). In *McDowell* agt. *Read* (3 *Louisiana Annual R.*, 391) the supreme court of that state held, that where a court is called upon to enforce a right, it may avail itself of its jurisdiction over the person to do justice relative to a subject-matter beyond its jurisdiction, though lands be affected by the decree (*Gardner* agt. *Ogden*, 22 *N. Y. R.*, 327; *Dobson* agt. *Pearce*, 12 *N. Y. R.*, 156; *Earl of Derby* agt. *Duke of Athol*, 1 *Ves. Sr.*, 202; *Lord Baltimore* agt. *William Penn*, 1 *Ves. Sr.*, 444; *Lord Cranstown* agt. *Johnson*, 3 *Ves. Jr.*, 170). The second count of the answer is clearly sham and frivolous and should be stricken out or over-ruled, and judgment ordered accordingly (*Old Code, sec.* 247; *Code Civ. Pro., sec.* 537).

*Watson M. Rogers*, for defendant.

I. The answer sets up two defenses : (1.) A denial of any knowledge or information sufficient to form a belief as to all the allegations of the complaint. (2.) An allegation that the matter in suit pertains to real estate situate in the Dominion of Canada, of which the supreme court of this state has no jurisdiction. (1.) "The court has no power to strike out as sham an answer consisting of a general denial of the material allegations of the complaint" (45 *N. Y.*, 281); nor one which denies any knowledge or information sufficient to form a belief as to the truth of any of the allegations of the complaint (*Grocers' Bank* agt. *O'Rorke*, 6 *Hun*, 18). Each form of the denial is expressly authorized by the Code (*Code, sec.* 500, *sub.* 1; *Steele* agt. *Burk*, 5 *Abb. N. C.*, 88; *Metzey* agt. *Burwell*, 5 *Abb. N. C.*, 90). An answer putting in issue any allegation is not "sham" (14 *Barb.*, 393). (2.) The second answer is neither sham or frivolous. It alleges want of jurisdiction in the courts of this state to enforce the decree of a foreign court, with reference to real estate situate in a foreign country. "A frivolous answer is one so clearly and palpably bad as to require no argument or illustration to show its character, and which would be pronounced frivolous and indicative of bad faith in the pleader, "upon a bare inspection" (*Per* ALLEN, J., 53 *N. Y.*, 499; *Strong* agt. *Spol and others*, 12 *How. Pr.*, 544). It has been held by the court of appeals that the courts of this state have no power to entertain an action for the conversion of telegraph poles (held to be real property) in the state of New Jersey (10 *Weekly Dig.*, 113). " It is true that foreign courts may decree the performance of contracts relating to land, without their jurisdiction" (*Dilken* agt. *Watkins*, 3 *Sandf. Chan. R.*, 185), "but such a decree can only be enforced against the person of the defendant in the foreign court of the state where the property is situated " (*Davis* agt. *Headly*, 22 *N. J. Eq.*, 115, *cited in* 4 *Wait's A. and D.*, 191). The complaint in this case prays that a decree of a Canada court, of and concerning real property situate in

that country, be enforced against the person of the defendant here. It certainly is a debatable question whether that can be done, and where it becomes debatable the answer is not " frivolous."

II. The motion is an entire one, and if one defense is good the motion will be denied (53 *N. Y.*, 497, *supra*).

III. The motion must stand or fall on the pleadings alone (*Cornwell* agt. *Burke*, 14 *Barb.*, 393). (*a*) Though the motion purports to be founded on a judgment record, no copy has been served and it cannot be considered here (6 *How.*, 182).

MULLIN, *J.* — Plaintiff moves for judgment in this case on the ground that defendant's answer is sham and frivolous. This practice was permissible under section 247, Code of Procedure. That section provides, that where " a demurrer, answer or reply is frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of court, for judgment thereon, and judgment may be given accordingly."

This practice is not changed, but remains the same under section 537 of the Code of Civil Procedure as under section 247 of the old Code.

This action is brought to enforce the judgment and decree of the court of chancery of the Province of Ontario and Dominion of Canada. The complaint in this action, which is verified, contains a certified copy of the chancery decree; by this record it appears that the defendant was personally served with process; that he appeared by attorney in said court and duly answered; that a trial was there had on the merits, and that as the result of such trial a judgment was rendered against the defendant. The defendant now comes into this court and serves an answer, in which he interposes two defenses :

1. He denies any knowledge or information sufficient to form a belief as to all the allegations of the complaint, except the allegation of defendant's omission and refusal to pay the

Roblin agt. Long.

sum of $195.95, that being the amount of costs entered in the foreign decree.

2. That the matter in suit pertains to real estate situate in the Dominion of Canada, and that the supreme court of this state has no jurisdiction to enforce such judgment and decree.

The first count of defendant's answer is manifestly sham and should be stricken out. In this class of cases, brought in the courts of this state to enforce the judgments and decrees of the courts of a foreign state or country, an answer denying any knowledge or information sufficient to form a belief as to all the material allegations of the complaint, will be stricken out as sham, where the defendant appeared in the original action. The defendant is bound to know whether in such a case process was served on him, and whether he appeared and answered, and whether judgment was rendered against him on the trial. These are facts which the defendant is presumed to know, and his denial must therefore be *positive* and *unequivocal*, and not upon information and belief. Such a denial is equivocal and presumptively interposed in bad faith.

The second answer is clearly frivolous. The law is well settled in this country that courts of justice in one state will, out of comity, enforce the laws of another state or country, where by such enforcement they will not violate their own laws or inflict injury upon some one of their own citizens. This court having acquired jurisdiction of the person of the defendant, it possesses full power to enforce the judgment and decree of the chancery court of Canada, to the extent of compelling defendant to convey the lands mentioned in the complaint though the same are situated in the Province of Canada and without the jurisdiction of this court.

The defendant's answer is therefore stricken out as sham and frivolous, and judgment is ordered for the plaintiff for the relief demanded in the complaint with ten dollars costs of this motion