CHARLES H. T. COLLIS *et al.*, Respondents, *against* CLEMENT W. ALBURTIS, Appellant.

(Decided February 1st, 1886).

In an action for rent the complaint alleged the execution of a written lease between plaintiffs and defendant, a covenant by defendant therein to pay the rent, performance of the conditions thereof by plaintiffs, and non-payment of the rent by defendant. The answer admitted the execution of the lease, and stated that defendant had no knowledge or information sufficient to form a belief as to the terms or conditions thereof, or whether he covenanted to pay the rent reserved therein, or as to the performance by plaintiffs of the conditions thereof ; and denied that the rent claimed was ever demanded. *Held,* that the answer was frivolous.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon an order overruling an answer as frivolous, and affirming said order.

The facts are stated in the opinion.

*Edward P. Wilder*, for appellant.

*Adolph L. Sanger*, for respondents.

ALLEN, J.—The appeal in this case is from an order and judgment of the City Court.

The plaintiffs moved for judgment on account of the frivolousness of the answer, and the motion was granted. Upon an appeal to the General Term of the City Court the order was affirmed ; the defendant appeals to this court from the order and from the judgment.

The action is for rent, and the plaintiff pleads a written lease, alleging its execution between the plaintiffs and the defendant ; the covenant of the defendant to pay the rent named therein ; the performance of the conditions of the lease by the plaintiffs, and the non-payment by defendant of the rent on the 1st day of March and the 1st day of April, 1885. The answer admits the making and execution of the

lease, and states : 1st, that the defendant has no knowledge or information sufficient to form a belief as to the terms or conditions thereof ; 2nd, that he has no knowledge or information sufficient to form a belief whether he cove-nanted to pay the rent reserved in the lease ; 3rd, that he has no knowledge or information sufficient to form a belief as to the performance by the plaintiffs of the conditions of the lease ; 4th, a denial that the rent claimed to be due on April 1st was ever demanded.

Of the fourth paragraph of the answer, it may be said that it was not necessary for the plaintiffs to aver a demand for the rent, and that the allegation is immaterial, and hav-ing averred it they are not bound to prove it.

This appears to be a case of a defendant who has no de-fense to the action against him, and who is endeavoring, by the use of the form of words prescribed in section 500 of the Code of Civil Procedure, to delay a judgment.

It is true that a defendant who has no knowledge or in-formation sufficient to form a belief as to a material allega-tion in the complaint may, in his answer, deny that he has any knowledge or information sufficient to form a belief, and that amounts to a traverse. But this answer admits the plaintiffs' cause of action, pleads no defense to it, puts in issue none of the material allegations of the complaint, and does not put the plaintiff to his proof. The defendant in effect says : " I admit I made the written agreement upon which you have sued me, but I cannot recall the exact words of it."

The answer is so palpably bad as to raise the presumption that it was interposed for the purpose of delay.

Answers of this kind have been adjudged frivolous by this court in *Wesson* v. *Judd* (1 Abb. Pr. 254), and *Byrne* v. *Benton* (3 N. Y. Monthly Law Bul. 100).

The judgment of the court below is right and is affirmed.

LARREMORE, Ch. J., and BOOKSTAVER, J., concurred.

Judgment affirmed.