BULLER v. SIDELL et al.

(Circuit Court, S. D. New York. June 11, 1890.)

1. PLEADING—SHAM ANSWER—MOTION TO STRIKE OUT—ACTION ON JUDGMENT.
   In an action on a judgment, in which it appears by the answer that the defendant entered his appearance by attorney, a paragraph of the answer, denying knowledge or information regarding the judgment sufficient to form a belief, should be stricken out as sham.

2. SAME.
   A paragraph of the answer, which merely denies indebtedness, should also be stricken out.

3. SAME—EQUITABLE DEFENSE.
   A paragraph of the answer, seeking to impeach the judgment sued on for fraud, should be stricken out, since it attempts to set up an equitable defense to a legal action.

At Law.

Motion to strike out certain paragraphs of the answer as sham. The action was upon a judgment in favor of the plaintiff against the defendants, recovered in the United States circuit court for the district of Kansas. By the third paragraph the defendants, in substance, averred that they were induced to enter a general appearance in the Kansas action by certain stipulations of the plaintiff touching the judgment which he would enter therein, which stipulations the plaintiff failed to keep, whereby the amount of the judgment was, as defendants claim, improperly increased. The precise nature of this stipulation need not be stated. For the purpose of this motion it may be conceded that by their third defense the defendants seek to impeach the judgment for fraud or covin in obtaining it.

Frank Budd, for plaintiff.

Thomas N. Browne and Olcott, Meatre & Gonzales, for defendants.

LACOMBE, J., (after stating the facts as above.) The first paragraph of the answer denies knowledge or information sufficient to form a belief as to the recovery of the judgment sued upon. Inasmuch as it appears by the defendants' own papers that they entered a general appearance by attorney in the Kansas action, this paragraph must be stricken out as sham. Roblin v. Long, 60 How. Pr. 200; Beebe v. Marvin, 17 Abb. Pr. 194. The second paragraph of the answer merely denies indebted-

ness. It should also be stricken out. *Mills* v. *Duryee*, 7 Cranch, 481. Inasmuch as it is not disputed that the Kansas court had jurisdiction, and that the defendants had notice of the proceedings therein, the defense set up in the third paragraph of the answer is plainly an equitable one. *Christmas* v. *Russell*, 5 Wall. 290; *Allison* v. *Chapman*, 19 Fed. Rep. 488. Equitable defenses cannot, however, be set up in actions at law in the federal courts. *Bennett* v. *Butterworth*, 11 How. 669; *Montejo* v. *Owen*, 14 Blatchf. 324; *Parsons* v. *Denis*, 7 Fed. Rep. 317; *Doe* v. *Roe*, 31 Fed. Rep. 97. This paragraph must therefore be stricken out.