SCHWARTZ et al. v. RIBAUDO.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. Pleading—Answer—Denial of Knowledge or Information.

An issue on the allegation of a complaint that by deed dated and recorded on a certain day the premises were conveyed to plaintiffs by defendant's lessor is not raised by the averment of the answer that defendant has no knowledge or information sufficient to form a belief and denies the same, as one may not plead ignorance of a public record to which he has access.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 248.]

2. Same.

The allegation of demand on defendant for rent and his nonpayment is not met by the averment of the answer that defendant has no knowledge or information sufficient to form a belief and denies the same, the facts alleged by the complaint importing the personal knowledge thereof in defendant.

3. Landlord and Tenant—Action for Rent—General Denial.

Defendants in an action for rent cannot under a general denial prove eviction or accord and satisfaction; plaintiffs not being called on to plead or prove that there had been neither the one or the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 920, 923.]

Appeal from City Court of New York, Trial Term.

Action by Morris Schwartz and others against Andrea Ribaudo. From a judgment on a verdict directed for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Morris Meyers, for appellant.

A. J. Oishei, for respondent.

FITZGERALD, J.   Plaintiffs at the commencement of the action were the owners of premises occupied by defendant under a lease from the former owner (Fannie Meyers).   The execution of this lease is set forth in the first paragraph of the complaint, and is not denied by the answer.   The second paragraph of the complaint is as follows:

"That on or about the first day of December, 1905, the said Fannie Myers by deed dated and recorded on said day conveyed the aforesaid premises to plaintiffs herein."

By the terms of the lease it appears that the yearly rent reserved was the sum of $3,600, payable in equal monthly instalments of $300 per month in advance, same to be paid on the 10th day of each and every month during said term.   The third paragraph of the complaint alleges a demand made on the 10th day of December, 1905, for the December rent, "no part of which has been paid, and that the sum of $300 with interest from that date is now due and owing."   These two paragraphs (second and third) are denied by the answer as follows: "Defendant has no knowledge or information sufficient to form a belief, and denies the same."   This form of denial appears to be insufficient to raise an issue upon the pleadings.   The averment of the record of

the deed placed the defendant in a position to at once obtain knowledge and information, and a party cannot plead ignorance of a public record to which he has access. Am. & Eng. Ency. Pl. & Pr. 813; Ketchum v. Zerega, 1 E. D. Smith, 553; Zivi v. Einstein (City Ct.) 20 N. Y. Supp. 893. Neither are the averments of demand and nonpayment properly met by this form of denial, for the reason that the facts alleged import the personal knowledge thereof in the defendant (Singer v. Effler, 16 Misc. Rep. 334, 39 N. Y. Supp. 720); but treating the answer as a good general denial, and assuming that it put in issue the allegation of nonpayment (Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233; Knapp v. Roche, 94 N. Y. 329), it was clearly error to have allowed, on cross-examination of plaintiffs' witness, a line of questions tending to establish affirmative defenses not pleaded. It is well settled that new matter constituting either a complete or partial defense must be pleaded. McKyring v. Bull, 16 N. Y. 303, 69 Am. Dec. 696. Gabay v. Doane, 77 App. Div. 413, 79 N. Y. Supp. 312. It cannot well be claimed that plaintiffs were called upon to plead or prove as essential to their cause of action that there had neither been an eviction nor an accord and satisfaction, and evidence tending to support such defenses, therefore, was not admissible under a general denial. Cochran v. Reich, supra.

It is claimed that other errors were committed by the learned trial court, but it is unnecessary to pass upon them, as, for the reasons given, a verdict for defendant rendered by direction cannot be permitted to stand.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.