CARL A. DAHLSTROM, Respondent, *v.* AUGUST M. GEMUNDER
et al., Copartners under the Firm Name of A. GEMUNDER
& SON, Appellants.

Principal and agent — when agent acting for a known and dis-
closed principal may become liable for breach of warranty —
when an article is warranted both by agents and by their prin-
cipal, the purchaser, who has recovered against the principal
for a breach thereof, cannot recover from the agents also —
pleading — when denial upon information and belief is not a
sufficient or honest denial in a reply.

While, ordinarily, agents acting for a known and disclosed principal and
guilty of no fraud or misrepresentation are not liable in an action for
breach of warranty, they may, if they see fit, for a good consideration,
make a personal contract of warranty which will be binding and
enforceable. But similar contracts of warranty made respectively by
the agent and by the principal on the same sale of an article would not
be so independent and distinct that a vendee would be entitled to a
recovery against each for the same breach of warranty, and, therefore,
to a duplication of damages for the same injury.

Agents of a known principal warranted the character of an article to a
purchaser, who brought an action and recovered against the principal
for breach of a similar warranty, made by him of the same article, and
thereafter brought an action against the agents upon their warranty, in
which action the agents set up the judgment against their principal
and satisfaction thereof and obtained an order directing the plaintiff to
reply thereto. In such reply plaintiff substantially admitted the com-
mencement of the action against the principal and set out that he had no
knowledge or information · sufficient to form a belief as to the facts so
alleged as to the recovery and satisfaction of the judgment against the
principal. *Held*, not a sufficient or honest denial of the allegations in
the answer and that the court properly treated the reply as insufficient
and directed judgment on the pleadings. *Held*, further, that the plain-
tiff's admission in his reply that his action brought against the princi-
pal "was settled and compromised for the sum of $1,750, but at the
same time it was understood and agreed that the plaintiff did not release
any claim or cause of action which plaintiff had against any other per-
sons, including the cause of action set forth in the complaint against
these defendants" showed that he had had one satisfaction of his claim and
that he could not reserve the right to prosecute it a second time against
defendants, and for this reason his reply was rendered insufficient.
*Dahlstrom* v. *Gemunder*, 133 App. Div. 69, reversed.

(Argued February 9, 1910; decided May 17, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-. ment, entered June 11, 1909, which reversed an order of Special Term holding, in effect, that a reply served by plaintiff was frivolous, and directing judgment for defendant on the pleadings and vacated the judgment subsequently entered on said Special Term order.

The following questions were certified : " 1. Does the complaint state facts sufficient to constitute a cause of action ? 2. Are the defendants entitled to judgment on the pleadings including the reply ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. McGovern* for appellants. The complaint does not state facts sufficient to constitute a cause of action. (Hufcut on Agency [2d ed.], 140 ; *Ahern* v. *Goodspeed,* 72 N. Y. 108 ; *Jones* v. *Gould,* 123 App. Div. 236 ; *Whitney* v. *Wyman,* 101 U. S. 396 ; *Bonynge* v. *Field,* 81 N. Y. 59 ; *Anderson* v. *English,* 105 App. Div. 400.) The defendants are entitled to judgment on the pleadings including the reply, because, *first,* the reply admits the material allegations of the facts in the answer pleaded in bar ; and, *second,* it appears from the pleadings taken together that the plaintiff has already had complete satisfaction of his claim from the vendor principal. (*Gutchess* v. *Whiting,* 46 Barb. 139 ; *Morgan* v. *Q. V. A. Co.,* 45 Misc. Rep. 130 ; *Rochkind* v. *Perlman,* 123 App. Div. 811 ; *City of New York* v. *Matthews,* 180 N. Y. 41 ; *Smith* v. *Coe,* 170 N. Y. 162.) There is no authority for the maintenance of this action, either under the Code or at common law. (*Heckmann* v. *Young,* 134 N. Y. 170 ; *United Press* v. *Abell Co.,* 87 App. Div. 344.)

*Edward A. Alexander* and *Jerome H. Buck* for respondent. The complaint states facts sufficient to constitute a cause of action. (*Hamer* v. *Sidway,* 124 N. Y. 538 ; *McNaugh* v. *Claughey,* 42 N. Y. 22 ; *Rector, etc.,* v. *Leed,* 120 N. Y 583 ; *Oppenheim* v. *Waterbury,* 86 Hun, 122 ; 155 N. Y

684; *Lewis* v. *Doyle*, 13 App. Div. 291; *Brisbane* v. *Parsons*, 33 N. Y. 332.) The defendants, notwithstanding they were the agents of Hey, the owner of the violin, could nevertheless, as a matter of law, bind themselves personally by giving an individual warranty, separate and apart from that of their principal, and such a warranty need not be in writing. (*McBratney* v. *Hydecker*, 8 Misc. Rep. 309; *Stone* v. *Wood*, 7 Cow. 453; *Wilder* v. *Cowles*, 100 Mass. 487; Brandt on Suretyship, § 81; *Almond* v. *Hart*, 46 App. Div. 431; *David* v. *Patrick*, 141 U. S. 479; *Raabe* v. *Squier*, 148 N. Y. 81.) The remedy which the plaintiff had against these defendants was consistent and concurrent with the remedy which he had against Hey. (*Bowen* v. *Blandeville*, 95 N. Y. 237; *N. Y. L. I. Co.* v. *Chapman*, 118 N. Y. 288; *Mills* v. *Parkhurst*, 126 N. Y. 89; *Avila* v. *Manhattan Chemical Co.*, 32 Hun, 1; *Kinney* v. *Kiernan*, 49 N. Y. 164; *Powers* v. *Benedict*, 88 N. Y. 605; *Heckeman* v. *Young*, 134 N. Y. 170.)

HISCOCK, J.   The debatable and ultimate question in this case is whether a reply served by the plaintiff, under an order of the court, to an affirmative defense set forth in defendants' answer was so insufficient that said defense was to be regarded as admitted, and, therefore, as barring plaintiff's recovery.

Plaintiff brought his action to recover damages for an alleged breach of warranty of the quality and make of a violin purchased by him of one Hey through the defendants as the latter's agents. While his complaint showed that defendants were explicitly acting as agents for a known principal, it alleged that they personally did warrant the character of the violin, and that in reliance upon their warranty the plaintiff did purchase the instrument from their principal with the result that defendants collected commissions for the sale. It also sufficiently alleged a breach of the warranty.

The defendants, amongst other defenses, in a verified answer, alleged in substance that prior to the commencement of this action plaintiff had brought an action against their principal, Hey, to recover damages for breach of a similar

warranty made by him on the sale of the same violin; that said action was brought in the Circuit Court of the United States for the northern district of New York, and an answer interposed by said Hey which denied that he gave the warranty counted on, and then further set forth, "That such proceedings were had in such action that the plaintiff obtained a judgment therein permitting him to retain said violin and other property purchased from said George W. Hey as part of said purchase contract, and for damages and costs amounting to the sum of $1,750, which judgment was obtained December 20th, 1906, and was duly paid and satisfied in full by the defendant in such action on January 20, 1907," and then followed the allegation of what was undoubtedly a conclusion of law that said judgment was a satisfaction of plaintiff's claim in this action and a bar to the maintenance of the latter.

Thereafter an order was made requiring the plaintiff to serve a reply herein in accordance with the provisions of section 516 of the Code, and it is this reply which calls for most of the discussion necessary on this appeal. Before proceeding to its consideration, however, it will be well to consider the sufficiency and effect of the complaint and answer to which reference has been made.

I have no doubt that plaintiff's complaint stated a good cause of action against the defendants on a contract of warranty. While ordinarily agents acting for a known and disclosed principal and guilty of no fraud or misrepresentation would not be liable in any such manner as that in which plaintiff seeks to hold defendants in this case, I know of no reason why they may not if they see fit, for a good consideration, make a personal contract of warranty which will be binding and enforceable. Such a contract is sufficiently alleged in the complaint. But while this is true, similar contracts of warranty made respectively by the agent and by the principal on the same sale of an article would not be so independent and distinct that a vendee would be entitled to a recovery against each for the same breach of warranty, and, therefore, to a duplication of damages for the same injury. The con-

tracts of the agent, perhaps, might be regarded as made by him as surety for the principal and to guard against the default of the latter.   However this may be, it must be clear that if the vendee recovered full damages and satisfaction from the principal because the article purchased did not correspond with the warranty, he could not then bring a second action against the agent and again recover damages.   The two contracts guarantee the same thing, and if for the failure of the article to correspond with the warranty full damages have been recovered on one contract that necessarily  must be a satisfaction and discharge of the other.

Defendants' answer set forth such a satisfaction of damages by the principal, and, therefore, a necessary discharge of the agents on their contract.   It alleged that a cause of action precisely similar to the one alleged in this action, except that it was directed against the principal instead of his agents, had ripened into a judgment for  damages and other rights which had been paid and satisfied.   Presumably the judgment was for the full amount of damages to which plaintiff was entitled by reason of the breach complained of, and, therefore, its payment was a full compensation for all of the injury which he suffered on the purchase of the violin.   This defense, therefore, if admitted, was a bar to plaintiff's recovery, and we reach a consideration of the reply which plaintiff served, because, if not sufficient, defendants were entitled to move for judgment as they have done.   (Code of Civil Procedure, §§ 515, 516.)

Somewhat evasively, but still substantially, plaintiff in his reply admitted the commencement of the action against Hey for a breach of warranty on the sale of the violin involved in this action, all as alleged in defendants' answer.   Then, purporting to make reply to the allegations heretofore quoted concerning the recovery and satisfaction of the judgment in said action, he alleged:  " Plaintiff has no knowledge or information sufficient to form a belief as to the allegations set forth in paragraph VII (the one in question) of the answer, and, therefore, denies the same."

This was not a sufficient or honest denial under the Code of the allegations in the answer.   The latter had alleged that in

an action admitted to have been brought by the plaintiff in a court of record in this state a judgment had been recovered, and that two years before the reply was made the same had been "duly paid and satisfied in full by the defendants." It is quite incredible that plaintiff should have had no knowledge concerning the termination of his lawsuit, and equally inconceivable that after the lapse of two years he should neither have received nor sought information on this subject. Furthermore, the matters alleged were largely of record, and means of information concerning their existence was within the control of plaintiff, and the truthfulness of the allegations a subject of convenient and ready determination. Under such circumstances it was not permitted to him to make a bald and unexplained denial of any knowledge or information. A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge and information, and of enabling him to make a denial thereof.

While these propositions are well settled, it is true that the course of procedure has not been uniform by which courts have afforded relief to a party who had been imposed upon by a pleading infected with such faults as the present one. Sometimes the remedy has been granted in the form of an order striking out the offending pleading as sham. But, on the other hand, repeatedly it has been granted as in this case, by treating the pleading as frivolous and awarding relief accordingly. No question was raised on the argument of the appeal or so far as we can ascertain in the courts below as to the propriety of the form of relief allowed against this reply, if insufficient, and under these circumstances certainly we should not disturb the order made by the Special Term on a question of mere practice which was not raised. (*Compton* v. *Beecher*, 17 App. Div. 38, 45; *Richardson* v. *Wilton*, 4 Sandf. 708; *Schwartz* v. *Ribaudo*, 52 Misc. Rep. 102; *Ketcham* v. *Zerega*, 1 E. D. Smith, 553; *McLean* v. *Julien Elec. Co.*, 28 Abb. [N. C.] 249; *Austin* v. *Westchester Telephone Co.*, 58 N. Y. S. R. 306, 308; *Roblin* v. *Long*, 60 How. Pr. 200; *Byrne* v. *Ben-*

*ton*, 3 N. Y. Law Bul. 100 (VAN BRUNT, J.); *Collis* v. *Alburtis*, 13 Daly, 425; *Zivi* v. *Einstein*, 1 Misc. Rep. 212; *Buller* v. *Siddell*, 43 Fed. Rep. 116; *Beebe* v. *Marvin*, 17 Abb. Pr. 194.)

Even if it should be held, as I am strongly convinced that it should not be, that this denial was of some force, plaintiff made affirmative admissions of enough in the answer to destroy the effectiveness of his reply and to support the order which was made. He alleged: "Plaintiff further admits that the action so brought against the said Hey was settled and compromised for the sum of $1,750, but at the same time it was understood and agreed that the plaintiff did not release any claim or cause of action which plaintiff had against other persons including the cause of action set forth in the complaint against these defendants." Thus we have the admission that the plaintiff's claim in the action against the principal was adjusted and settled, and especially in view of what has already been said it does not seem necessary to support by extended argument the proposition that one having an identical claim for unliquidated damages against the principal and his agent may not have a settlement and satisfaction of that claim from the former and at the same time preserve by agreement with him in whatever form the right to prosecute and obtain a second satisfaction from the other. If the claim has been settled, that is satisfied, there is nothing to be reserved as a basis for prosecution of another liable for the same claim. (Black on Judgments, vol. 2, section 782; *Ayer* v. *Ashmead*, 31 Conn. 447; *Arnett* v. *Mo. Pac. R. Co.*, 64 Mo. App. 368; *Cox* v. *Smith*, 10 Oregon, 418; *City of Chicago* v. *Babcock*, 143 Ill. 358; *First Nat. Bank* v. *Indianapolis P. Mfg. Co.*, 45 Ind. 5.)

These views lead to a reversal of the order appealed from and an affirmance of that of Special Term, with costs in both courts, and an answer in the affirmative to each of the questions certified to us.

VANN, WERNER and CHASE, JJ., concur; CULLEN, Ch. J., concurs in result; HAIGHT, J., dissents; WILLARD BARTLETT, J., not voting.

Ordered accordingly.