(155 App. Div. 118.)

## CERLIAN v. BACON.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

**1. PLEADING (§ 350\*)—MOTION FOR JUDGMENT—FRIVOLOUS DENIALS.**

Where plaintiff's motion was for judgment on the "pleadings," and not for judgment on the "answer," and it did not state that it was based on the frivolousness of the answer, it was presumptively made under Code Civ. Proc. § 547, as amended by Laws 1908, c. 166, authorizing judgment on the pleadings in certain cases, and not under Code Civ. Proc. § 537, authorizing judgment where the answer is frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.\*]

**2. PLEADING (§ 350\*)—MOTION FOR JUDGMENT—FRIVOLOUS DENIALS.**

Where, in an action for services and material, a denial is only presumptively frivolous, the plaintiff should move specifically under Code Civ. Proc. § 537, authorizing a judgment for frivolous denials, and thus give the defendant an opportunity of proving the denials not frivolous, and not under Code Civ. Proc. § 547, as amended by Laws 1908, c. 166, authorizing judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.\*]

**3. PLEADING (§ 346\*)—FRIVOLOUS DENIAL.**

Where plaintiff alleged a claim for the reasonable value of services and material furnished in making clothing, for which defendant agreed to pay a certain sum, no part of which had been paid, though demanded, an answer denying any knowledge or information sufficient to form a belief as to the allegations of the complaint was only presumptively frivolous, and not necessarily so, since it was possible, though improbable, that defendant had no such knowledge or information.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.\*]

Appeal from Special Term, New York County.

Action by Louis Cerlian against Charlotte V. Bacon, sued as "Mary" Bacon. From an order granting a motion for judgment on the pleadings, and from judgment thereon, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Edward Kellogg Baird, of New York City (Thomas McMorrow, of New York City, on the brief), for appellant.

Henry C. Moses, of New York City, for respondent.

SCOTT, J. The complaint is in the simplest form. Its allegations are:

"First. That at the city of New York, between on or about the 25th day of March, 1912, and the 13th day of April, 1912, both dates inclusive, the plaintiff, at the special instance and request of the defendant, performed certain work, labor, and services and furnished certain materials in the making of wearing apparel for said defendant.

"Second. That said work, labor, and services performed and materials furnished were reasonably worth, and defendant then and there promised and agreed to pay therefor, the sum of two hundred dollars.

"Third. That no part of said sum has been paid, although same had been duly demanded."

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The answer is as follows:

"First. Denies any knowledge or information sufficient to form a belief as to each and every of the allegations contained in paragraphs marked 'First,' 'Second' and 'Third.'"

[1, 2] The answer is, in form, a sufficient denial of the allegations of the complaint. It is apparent, from the briefs of counsel and the memorandum filed by the justice who granted the motion, that the ground on which the order rests is that the denials were considered frivolous, and therefore not to be considered as interposed in good faith. If so, the motion should have been made under section 537, Code of Civil Procedure, which permits a motion for judgment upon a pleading which is deemed frivolous, and not, as it evidently was, under section 547, as amended by Laws 1908, c. 166. It is true that section 537 does not in terms prescribe that it shall be stated in the notice of motion that it is based upon the frivolousness of the pleading attacked; but it is proper that it should so state, in order that the party against whom the motion is made may be duly informed just what defect in his pleading he is called upon to meet. The motion in the present case did not so state, and, since it asked for judgment on "the pleadings," and not for judgment on "the answer," the reasonable inference was that it was made under section 547.

[3] The proper course to pursue when a party undertakes to deny upon information and belief an allegation as to which he certainly or presumptively has knowledge has recently been the subject of consideration by the Court of Appeals, and may, we think, be now considered as well settled. In Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771, the action was for damages for breach of warranty in the sale of a violin. The defendants answered that plaintiff had recovered a judgment against their principal for the same cause of action, and that that judgment had been paid and satisfied. Being required to reply to this defense, the plaintiff pleaded, as to a recovery and satisfaction of the judgment, that he "had no knowledge or information sufficient to form a belief." A motion was made for judgment for plaintiff. The court said:

"It is quite incredible that plaintiff should have had no knowledge concerning the termination of the lawsuit, and equally inconceivable that after a lapse of two years he should neither have received nor sought information upon this subject. Furthermore the matters alleged were largely of record, and means of information concerning their existence was within the control of plaintiff, and the truthfulness of the allegations a subject of convenient and ready determination. Under such circumstances it was not permitted to him to make a bald and unexplained denial of any knowledge or information. A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head, and close his eyes and ears, for the purpose of avoiding knowledge and information and of enabling him to make a denial thereof. While these propositions are well settled, it is true that the course of procedure has not been uniform by which the courts have afforded relief to a party who has been imposed upon by a pleading infected with such faults as the present one. Sometimes the remedy has been granted in the form of an order striking out the offending pleading as sham. But, on the other hand, repeatedly it has been granted, as in this case, by treating the pleading as frivolous and awarding relief accordingly."

As no question had been raised below, the court refrained from indicating what practice should be adopted in such cases.

In Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328, the plaintiff had moved at Trial Term for judgment upon the pleadings by reason of the insufficiency of the defendant's denials. Such a motion, it may be observed, is similar to a motion before trial under section 547, Code of Civil Procedure, in that it must be decided upon the pleadings as they stand, without any opportunity to supplement or support the attacked pleading by affidavit or explanation. The motion was granted, and the appeal therefrom came to the Court of Appeals. Upon an examination of the complaint and answer the court found that the former contained certain allegations as to which defendant must have had knowledge, and as to which, therefore, he could not honestly plead that he had no knowledge or information sufficient to form a belief, as he undertook to do. As to other matters it was found that they were "at least presumptively within the knowledge of defendant, and that if that should prove to be so he could not stand upon denials of knowledge or information sufficient to form a belief." Referring to denials of the latter class of allegations the court said:

"Although this disposition of the case [judgment on the pleadings at the trial] may seem to work no injustice between these parties, it sanctions a practice which we think is wrong as regards denials of knowledge or information of matters which are only presumptively within the knowledge of the pleader, or of any other matter which, although imperfectly, indefinitely, or inartificially pleaded, so as to be insufficient in form, may be corrected, under order of the court, upon a motion to have the pleading made more definite and certain, or to strike out parts thereof as false or sham. It is clearly proper, for instance, to grant judgment upon the pleadings, where the only denials in an answer are denials of knowledge or information sufficient to form a belief with respect to matters which are unmistakably within the knowledge of the defendant who interposed such an answer. In such a case it is of no practical importance whether there is a motion before trial to strike out an answer as sham or frivolous, or whether a motion is made at the trial for judgment on the pleadings, because the result in either case will be the same."

The court then referred to Dahlstrom v. Gemunder, supra, as an instance of the kind of pleading last above considered, and proceeded to lay down the proper rule to be followed where the facts attempted to be denied for lack of information or belief are only presumptively, but not certainly, within the knowledge of the pleader:

"We think a different rule applies, however, where this form of denial is used to meet allegations of fact which are only presumptively within the knowledge of the person making the denial, or where the defect in the pleading is such that the court may, upon proper terms and conditions, permit it to be changed or amended. In such cases it is obviously the correct practice for the party who attacks the pleading to make the proper motion before trial, as the attacked pleader then has the opportunity to establish his good faith, if he can, and to prove that he cannot honestly go further than to deny knowledge or information, or make his pleading more definite and certain than it is."

As the purpose of requiring a motion to be made before trial, when denials are only presumptively bad because based upon lack of information or belief, is that the attacked party may establish his good

faith or show that he can honestly make no more specific denial, it follows, by necessary implication that the motion must be made under a section of the Code which will permit the answer to be defended or justified by affidavit. It cannot be so justified or defended on a motion made under section 547, but can be if made under section 537 or 538; the motion being made upon the ground that the answer (or reply) is either frivolous or sham.

We think that the denials in the present answer are only presumptively frivolous. It is possible, though perhaps improbable, that defendant really has no knowledge or information sufficient to form a belief as to the material allegations of the complaint. Under his pleading the plaintiff could prove his cause of action by showing that the work and materials were ordered by some agent of the defendant, and he could satisfy his allegation that defendant agreed to pay for them by proving the order by the agent, and the value, relying upon the implied promise to pay. The denials are therefore only presumptively frivolous.

The proper practice, as outlined by the latest decisions of the Court of Appeals, would have been for the plaintiff to move for judgment upon the answer as frivolous, when the defendant would have had the opportunity of proving, if she could, that her denials were made in good faith, and were only apparently, but not really, frivolous.

The judgment and order appealed from must therefore be reversed, with costs to appellant, and the motion denied, but without prejudice to such proper motion respecting the pleadings as the plaintiff may see fit to make. All concur.