### J. J. LITTLE & IVES CO. v. LECOUVER PRESS CO.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. APPEAL AND ERROR ☞1039—HARMLESS ERROR—ELECTION OF DEFENSES.

   Error in requiring defendant, in a suit for the value of work and labor, to elect between defenses pleaded was harmless, where one of the defenses as pleaded was bad.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. ☞1039.]

2. PLEADING ☞348—JUDGMENT ON THE PLEADINGS.

   Where the defendant in an action to recover for work, labor, and services, and materials furnished, merely denied knowledge or information sufficient to form a belief as to the allegations of the complaint, while the denials were insufficient, it was improper to direct a verdict on the pleadings; but their sufficiency should have been tested in advance of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trial by motion, thus giving the pleader an opportunity to show his good faith, if possible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1065, 1066; Dec. Dig. ☞348.]

Appeal from Trial Term, New York County.

Action by the J. J. Little & Ives Company against the Lecouver Press Company. From a judgment upon verdict directed for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Alfred H. Holbrook, of New York City, for appellant.
Sol. Kohn, of New York City, for respondent.

DOWLING, J. [1] Concededly, the learned trial court was in error in requiring the defendant to elect upon which of its defenses it would go to trial. But this error was not vital, as we do not believe the second separate defense was good, inasmuch as it contained no denial of the allegations in the complaint that the agreed value of the work, labor, and services performed and materials furnished was as set forth therein, viz. $4,716.27, and the other averments are mainly of conclusions rather than of facts.

[2] In respect to the first separate defense, a different situation exists. When defendant, under compulsion, had elected to go to trial thereon, the motion for the direction of a verdict was based on the ground:

That "the alleged defense is no defense at law; that it is no denial; that it is a denial merely on information as to matters which must be within the knowledge of the defendant."

The complaint sets forth:

"That in September and October, 1911, the plaintiff rendered certain work, labor, and services and furnished materials to the defendant at its special instance and request, of the fair and reasonable value and for which it agreed to pay the sum of four thousand seven hundred and sixteen and $27/100$ dollars ($4,716.27)."

The answer of the defendant contains under the first separate defense the following paragraphs:

"Second. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "third" of said complaint, wherein it is stated that the defendant agreed to pay for said work, labor, and services and materials the sum of four thousand seven hundred sixteen and $27/100$ dollars ($4,716.27).

"Third. Denies upon information and belief that the sum of four thousand seven hundred sixteen and $27/100$ dollars ($4,716.27) as set forth in paragraph "third" of the complaint represents the fair and reasonable value of the said work, labor, and services performed and materials furnished to the defendant."

We think that the sufficiency of these denials should have been tested in advance of the trial, by motion, and that it was too late to move upon the trial itself. The rule was laid down in Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328, where (after quoting from Dahlstrom v. Gomunde, 198 N. Y. 455, 92 N. E. 106, 19 Ann. Cas.

771, to the effect that a denial of knowledge or information sufficient to form a belief as to the payment or satisfaction of a judgment in a prior litigation for the same cause, was not a sufficient or honest denial, as it was quite incredible that the plaintiff should have had no knowledge concerning the termination of his lawsuit, and equally incredible that after the lapse of two years he should neither have received nor sought information on the subject) Judge Werner proceeded to say (page 134 of 205 N. Y., page 330 of 98 N. E.):

"This form of denial, in short, is never permissible to traverse an allegation of a fact which must be within the personal knowledge of the person who is called upon to admit or deny, and when it is used in such circumstances it may be stricken out on motion as sham, or it may be disregarded at the trial. Pomeroy's Remedies, etc., § 641. We think a different rule applies, however, where this form of denial is used to meet allegations of fact which are only presumptively within the knowledge of the person making the denial, or where the defect in the pleading is such that the court may, upon proper terms and conditions, permit it to be changed or amended. In such cases it is obviously the correct practice for the party who attacks the pleading to make the proper motion before trial, as the attacked pleader then has the opportunity to establish his good faith, if he can, and to prove that he cannot honestly go further than to deny knowledge or information, or make his pleading more definite or certain than it is. A single familiar instance will serve to illustrate this point. When an action is brought against a corporation or copartnership the complaint usually charges many things which are presumptively within the knowledge of the officers or the partners, and yet their only knowledge may have been derived wholly from their agents, employés, or from third persons under circumstances which render it impossible to make a positive averment. In such cases the person who verifies an answer that is challenged should have an opportunity to meet the presumption of knowledge which the law raises against him, and this can only be done on a motion before trial where the pleader can defend his pleading with affidavits showing the circumstances which justify its lack of greater certainty and definiteness."

This rule was applied in Cerlian v. Bacon, 155 App. Div. 118, 140 N. Y. Supp. 47, which was an appeal from an order granting plaintiff's motion for judgment on the pleadings. That was an action for work, labor, and services performed and materials furnished which "were reasonably worth, and defendant then and there promised and agreed to pay therefor, the sum of $200." Defendant (an individual) denied any knowledge or information sufficient to form a belief as to these allegations. The court quoted from Kirschbaum v. Eschmann, supra, and proceeded to say:

"As the purpose of requiring a motion to be made before trial, when denials are only presumptively bad because based upon lack of information or belief, is that the attacked party may establish his good faith or show that he can honestly make no more specific denial, it follows, by necessary implication, that the motion must be made under a section of the Code which will permit the answer to be defended or justified by affidavit. It cannot be so justified or defended on a motion made under section 547, but can be if made under section 537 or 538; the motion being made upon the ground that the answer (or reply) is either frivolous or sham."

It was then held that the denials in question were only presumptively frivolous and that:

"The proper practice, as outlined by the latest decisions of the Court of Appeals, would have been for the plaintiff to move for judgment upon the

answer as frivolous when the defendant would have had the opportunity of proving, if she could, that her denials were made in good faith, and were only apparently, but not really, frivolous."

The judgment appealed from will be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.