BARNET LAZARUS, Respondent, *v.* HENRY WIERNICKI, Appellant.

First Department, March 11, 1921.

Pleadings — answer — general denial on information and belief good — motion to strike out answer as frivolous.

A general denial of the allegations of a complaint upon information and belief is good.

In an action to recover for goods sold where the complaint does not allege that the goods were sold to the defendant in person and the answer is a

general denial upon information and belief, the plaintiff may move to strike out the answer as frivolous under section 537 of the Code of Civil Procedure, when defendant may show, if he can, that the denials were made in good faith and were really not frivolous.

APPEAL by the defendant, Henry Wiernicki, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 22d day of December, 1921, granting plaintiff's motion for judgment on the pleadings.

*Abram Zoller* [*Earl A. Darr* of counsel], for the appellant.

*Sol. S. Hauben,* for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $719.01 for goods, wares and merchandise sold and delivered to defendant at his special instance and request. The answer of the defendant " denies, upon information and belief, each and every allegation contained in paragraphs marked ' First,' ' Second ' and ' Third ' of said complaint."

The remaining paragraph of the complaint, the fourth, alleging the residence of the parties, is not denied. Plaintiff moved for judgment on the pleadings, which was granted. Plaintiff now contends that the form of denial is bad as he does not know under it what claim defendant will make upon the trial, whether it is a question of authority, reasonableness of value or the actual receipt of the goods; that the denial being bad in form, the complaint, therefore, stands uncontradicted and judgment on the pleadings was properly granted.

Section 500 of the Code of Civil Procedure provides that the answer of the defendant must contain " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Reading this section in connection with sections 524 and 526 of the Code of Civil Procedure it is clear that a general or specific denial under the provisions of section 500 may be upon information and belief. (*Bennett* v. *Leeds Manufacturing Company,* 110 N. Y. 150.) In that case it was said: " This section also recognizes allega-

tions (which manifestly include denials) made upon information and belief, as proper forms of pleading. We think, therefore, upon reason as well as upon the construction of the Code, a denial in a verified answer of a material allegation in the complaint, ' upon information and belief,' is good. Any other conclusion would lead in some cases to great injustice."

In the case at bar the allegations of the complaint are as to matters not necessarily within defendant's knowledge since he might well have personally had no connection with the transaction which in the ordinary course of business may have been conducted by an agent or employee. The plaintiff's contention supports this, since he says he is left in doubt by the answer as to whether a question of authority is involved, thus leading to the necessary inference that the matter was conducted with some representative of defendant and not with him personally. If the sale of these goods was made to defendant in person, since the complaint did not disclose that fact, and the answer was sufficient under section 500, the plaintiff's remedy would have been to move to strike it out as frivolous under section 537 of the Code of Civil Procedure, when defendant would have had the opportunity of proving, if he could, that the denials were made in good faith and were really not frivolous. (*Cerlian* v. *Bacon*, 155 App. Div. 118; 123.)

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion is denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.