CARSON PETROLEUM COMPANY, Respondent, *v.* UNION COMMERCIALE DES PETROLES and Others, Defendants, Impleaded with HAROLD MOORCROFT, Appellant.

First Department, February 5, 1926.

Frauds, Statute of — complaint alleges oral guaranty by appellant of payment of draft — complaint alleges writing signed by appellant that " I renew my responsibility and renew my guarantees "— memorandum not complete under Personal Property Law, § 31, subd. 2 — oral guaranty cannot be resorted to for terms — cause of action on theory that appellant guaranteed payment of price of goods not in conformity with writing — complaint is insufficient.

A complaint in an action to recover upon an alleged guaranty of the payment of a draft is insufficient which alleges that the guarantor, the appellant herein, orally guaranteed that the draft would be paid at maturity and that thereafter the guarantor signed a writing in which he stated " This is to the effect that I renew my responsibility and renew my guarantees  \* \* \*  relative to the payment of drafts." The written guaranty is not complete as to terms and is insufficient to satisfy the requirements of subdivision 2 of section 31 of the Personal Property Law and resort cannot be had to the alleged oral guaranty for the purpose of fixing the terms of the guaranty.

Another cause of action in the complaint is insufficient which is brought on the theory that the appellant guarantor guaranteed to pay the price of goods sold, for the written memorandum set out in the complaint refers to the payment of drafts.

APPEAL by the defendant, Harold Moorcroft, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 17th day of June, 1925, as amended by the *nunc pro tunc* order made on the 24th day of June, 1925, denying said defendant's motion for an order dismissing the amended complaint in so far as it affects said defendant, on the ground that it does not state facts sufficient to constitute a cause of action against him.

*Harold T. Edwards* [*Paul Williams* with him on the brief], for the appellant.

*Frueauff, Robinson & Sloan* [*Robert S. Sloan* of counsel; *Joseph A. Burdeau* with him on the brief], for the respondent.

Dowling, J. The amended complaint herein contains four causes of action. The third and fourth causes of action are alleged as against the defendant Harold Moorcroft individually. The third cause of action (set forth as the first cause of action against Moorcroft) realleges the first five paragraphs of the complaint. They set forth: (1) The incorporation of plaintiff and its obtaining a certificate authorizing it to do business in this State; (2) that the defendant Union Commerciale des Petroles is a corporation organized under the laws of the Republic of France and doing business in the city and State of New York; (3) that on or about November 29, 1922, plaintiff drew its draft or bill of exchange in writing, directed to defendant Union Commerciale des Petroles at 113 Boulevard Malesherbes, Paris, France, and thereby required said defendant to pay to the order of plaintiff $81,329.08 ninety days after the date thereof for value received, with interest at five per cent per annum from the date of the draft to the approximate arrival of cover in New York; (4) that on or about December 18, 1922, said Union duly accepted said draft in writing for value received and delivered it to plaintiff; (5) that at maturity said draft was duly presented for payment to said Union and payment thereof duly demanded, but the same was not paid. The amended complaint then alleges:

" XV. That on or about the 23rd day of November, 1922, in consideration that the plaintiff would, at the request of the said defendant Harold Moorcroft, sell to the said defendant Union Commerciale des Petroles, of which Union Commerciale des Petroles the said defendant Harold Moorcroft, was then a director and managing agent in the City of New York, New York, on a credit of ninety days from November 29, 1922, to be represented by said accepted draft, certain tons of gasoline for shipment from the United States to France, the said defendant, Harold Moorcroft, personally orally guaranteed that said draft would be paid at maturity to the plaintiff.

" XVI. That relying upon said guarantee of said defendant, Harold Moorcroft, plaintiff sold and delivered said gasoline to said defendant, Union Commerciale des Petroles, which said defendant accepted said draft and delivered it to plaintiff.

" XVII. That thereafter and on or about the 27th day of January, 1923, the said defendant, Harold Moorcroft, confirmed the said guarantee in writing as follows:          " ' *January 27th,* 1923.

" ' CARSON PETROLEUM COMPANY,
                              " ' New York:

" ' This is to the effect that I renew my responsibility and renew my guarantees made to Mr. Carson in London relative to the payment of drafts drawn on the Union Commerciale des Petroles for products loaded on the SS " Nausicaa " in consideration of your arranging for the renewal or extension of one of these drafts which becomes due January 28th, 1923, for approximately $40,000.00, to date of April 15th, 1923.

" ' Witness:                    HAROLD MOORCROFT.
          " ' H. H. EAGLE.'

" That the guarantees referred to in the aforesaid written guarantee were guarantees given by the defendant Harold Moorcroft, to the plaintiff for the purpose of giving the defendant Union Commerciale des Petroles, credit with the plaintiff in and about the purchase of the gasoline referred to in paragraph XV of the amended complaint herein; that the drafts referred to in the aforesaid written guarantee included the draft referred to in paragraphs III and XV of this amended complaint."

Presentment and non-payment of the draft are then set forth, with an allegation that the sum of $16,907.30 and no more has been paid on account thereof, leaving a balance due of $64,421.78, with interest.

The basic objection to the cause of action thus set forth is, that the written agreement signed by defendant Moorcroft fails to comply with the requirements of what was formerly known as the Statute of Frauds, now section 31, subdivision 2, of the Personal Property Law, which, in so far as it is material, reads as follows:

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:     *     *     *

" 2. Is a special promise to answer for the debt, default or miscarriage of another person."

It is not disputed that the writing sued on is collateral and void under the statute unless it sufficiently complies with the statute,

so as to constitute the note or memorandum thereby required.   It will be noted that the original guaranty of Moorcroft is alleged to have been an oral one, and that the writing is not alleged to be a new guaranty but a confirmation in writing of the oral guaranty. The writing of itself does not specify what the terms of the oral guaranty were with any particularity.   It " renews " Moorcroft's " responsibility " and " renews " his guaranties made to Mr. Carson " relative to the payment of drafts."   What were these guaranties and what was their nature?   The writing is silent on the subject.   As the appellant argues, it may have been a guaranty absolute; it may have been for payment at maturity or at some other time; it may have been for collection only, in which case recourse could be had against the guarantor after the remedies against his principal had been exhausted; it may have been after all remedies had been exhausted against Valentine, who by the second cause of action is alleged to have indorsed the draft and also to have guaranteed the credit of the Union by indorsing the accepted draft and thus inducing plaintiff to accept the draft.   There are dozens of theories of possible forms which Moorcroft's oral guaranty might have taken, none of which is either supported or negatived by the writing.

The writing being silent on the nature and extent of the guaranties which Moorcroft had personally given, we are referred back to the oral guaranties to learn what these guaranties were. But those oral guaranties are unenforcible, and they cannot be made the means by which the written agreement becomes clear, understandable and enforcible.   As Judge CARDOZO said in *Marks* v. *Cowdin* (226 N. Y. 138, at p. 144): " We exclude the writing that refers us to spoken words of promise."   It seems to me, therefore, that the third cause of action does not state facts sufficient to constitute a cause of action.

The fourth cause of action set forth in the amended complaint (the second cause against Moorcroft) realleges the incorporation of plaintiff and defendant Union.   It then proceeds:

" XXII. That on or about the 23rd day of November, 1922, in consideration that the plaintiff would, at the request of the said defendant, Harold Moorcroft, sell and deliver to the above named defendant, Union Commerciale des Petroles, of which corporation said defendant, Harold Moorcroft, was then a director and managing agent in New York City, New York, on a credit of ninety days from November 29, 1922, certain tons of gasoline for shipment from the United States to France, the defendant, Harold Moorcroft, personally orally guaranteed and promised to be answerable to the plaintiff for the payment by the said defendant, Union Commerciale

des Petroles, of the price of the said gasoline in the sum of $81,329.08 so to be sold and delivered, and to pay the said sum if said defendant, Union Commerciale des Petroles, did not pay the same.

" XXIII. That thereupon and on or about the 23rd day of November, 1922, plaintiff sold and thereafter duly delivered to the said defendant, Union Commerciale des Petroles, said gasoline upon a credit of ninety days, in the said sum of $81,329.08 on the faith of said guarantee and said promise of the said defendant, Harold Moorcroft.

" XXIV. That on or about the 27th day of January, 1923, said defendant, Harold Moorcroft, confirmed said guarantee and promise in writing as follows:

" ' <em>January 27th</em>, 1923.

" ' CARSON PETROLEUM COMPANY,

" ' New York:

" ' This is to the effect that I renew my responsibility and renew my guarantees made to Mr. Carson in London relative to the payment of drafts drawn on the Union Commerciale des Petroles for products loaded on the SS " Nausicaa " in consideration of your arranging for the renewal or extension of one of these drafts which becomes due January 28th, 1923, for approximately $40,000.00 to date of April 15th, 1923.

" ' Witness:                    HAROLD MOORCROFT.

" ' H. H. EAGLE.'

" That the guarantees referred to in said written guarantee included the guarantee referred to and alleged in paragraph XXII hereof, which said guarantee was given by the defendant, Harold Moorcroft, to the plaintiff for the purpose of giving the defendant, Union Commerciale des Petroles, credit with plaintiff in and about the purchase by said defendant, Union Commerciale des Petroles, of and from plaintiff of the gasoline referred to in paragraph XXII hereof.

" XXV. That when the payment for the said gasoline in the sum of $81,329.08 became due, the same was duly demanded from the said defendant, Union Commerciale des Petroles, but the same was not paid by the said defendant, Union Commerciale des Petroles, of all of which due notice was duly given to the said defendant, Harold Moorcroft, whereupon payment of said sum was duly demanded of the said defendant, Harold Moorcroft, but the same was not paid by him."

It is then alleged that only $16,907.30 has been paid on account of this indebtedness, leaving a balance due of $64,421.78.

This cause of action is open to the same objections found in the preceding cause, with the further insuperable defect that it is

brought upon the theory that defendant guaranteed payment of the amount due for the gasoline sold by plaintiff to the Union. There is not a word to be found in the written agreement which in any way refers to payment for gasoline; at its best, it refers only to drafts.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.