M. S. & J. A. WORKMAN, INC., Appellant, v. FREDERICK W. LINCOLN and Others, Copartners Trading as HENRY W. PEABODY & COMPANY, Respondents.

First Department, June 3, 1927.

**Guaranty and suretyship — action on contract of guaranty by defendants, agents of foreign principal — defendants orally warranted that goods delivered by principal would conform to contract — Statute of Frauds — said agreement was within Statute of Frauds and unenforcible.**

The defendants, agents for a foreign principal, contracted to sell furs to the plaintiff and orally warranted that the goods delivered by their principal would conform to the contract. The defendants cannot be held liable on a contract of guaranty, since it was within the Statute of Frauds, in that it purported to answer for the default of another and was not in writing.

MERRELL, J., dissents.

APPEAL by the plaintiff, M. S. & J. A. Workman, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of March, 1926, granting defendants' motion for judgment on the pleadings.

*David W. Kahn*, for the appellant.

*Edward B. Twombly* of counsel [*Putney, Twombly & Putney*, attorneys], for the respondents.

PROSKAUER, J. Defendants, as agents for a foreign principal, contracted to sell furs to the plaintiff. In consideration of the making of the contract they orally warranted that the goods delivered by their principal would conform with the contract. The complaint has been dismissed on the ground that the promise was within the Statute of Frauds.

The appellant here rests on the authority of *Dahlstrom* v. *Gemunder* (198 N. Y. 449). There the defendant, as agent for a principal, sold a violin and orally warranted that it was a Stradivarius. The plaintiff had sued the principal and compromised

with him. The Court of Appeals held this a bar to recovery against the agent. The Statute of Frauds was not pleaded and is not referred to in the opinion. The court held merely that the making of the contract was sufficient consideration for the agent's warranty, not that the warranty was without the Statute of Frauds. Indeed, HISCOCK, J., writes: " The contracts of the agent, perhaps, might be regarded as made by him as surety for the principal and to guard against the default of the latter. * * * The two contracts guarantee the same thing, and if for the failure of the article to correspond with the warranty full damages have been recovered on one contract that necessarily must be a satisfaction and discharge of the other."

The case at bar approximates more nearly to *Carson Petroleum Co.* v. *Union Commerciale des Petroles* (215 App. Div. 385; affd., 243 N. Y. 530). There the defendant Moorcroft requested the plaintiff to sell gasoline to a corporation, of which he was an officer and director, on credit to be represented by a draft, and in consideration of their so doing he " personally orally guaranteed that said draft would be paid at maturity to the plaintiff." It was held that the promise was within the Statute of Frauds and that Moorcroft was not liable.

Essentially there is no difference between the agreement of the agent to see that the buyer pays and the agreement of the agent to see that the seller performs. (1 Williston Cont. § 453.) One is to answer for a debt, the other is to answer for a default. The agreement of an agent to answer for his principal is, of course, made effectual as a contract when supported by the consideration of the making of the contract. But the Statute of Frauds is intended to safeguard against the false claim of the making of such secondary agreement. It is based upon the sound consideration of public policy that an agent should be protected against the plausible claim which might often be falsely asserted that he engaged to insure his principal's performance.

In *Richardson Press* v. *Albright* (224 N. Y. 497) it is emphasized that we are not to be misled by the circumstance that the alleged surety for a valid consideration undertakes an obligation. As stated by POUND, J.: " The inquiry remains whether the consideration is such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor."

Here the defendants were to become liable only in the event of their principal's default. (Brandt Suretyship [3d ed.], § 86; *Jones* v. *Cooper*, 1 Cowp. 227; *Peckham* v. *Faria*, 3 Doug. 13; 1 Williston Contracts, § 475.)

We conclude, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; MERRELL, J., dissents and votes for reversal on the authority of *Dahlstrom* v. *Gemunder* (198 N. Y. 449).

Order affirmed, with ten dollars costs and disbursements.