Esso International, Inc., Respondent, v. American Cargo Line, Inc., Defendant, and Albert J. Fuge, Appellant.

EAGER, J. (dissenting). The individual defendant appeals from an order denying his motion for summary judgment dismissing the complaint.

The action is brought to recover upon the individual defendant's alleged guarantee of the payment of the purchase price for two shipments of bunker fuel sold and delivered by plaintiff to the American Cargo Line, Inc. The agreement of guarantee, as originally made, was oral and was confirmed by a letter signed by the defendant. The defendant has interposed the Statute of Frauds as a defense, and premised his motion for summary judgment thereon. Special Term, in denying the motion, held that a "triable issue is presented as to whether the writing signed by defendant correctly and completely evidences the oral agreement between the parties."

The statute provides that a "special promise to answer for the debt * * * of another person * * *" is "void, unless it or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith, or by his lawful agent" (Personal Property Law, § 31, subd. 2).

Where, as here, the statute provides that the "note or memorandum" of a particular agreement must be in writing, it is not enough that it merely confirm the existence of some contract between the parties. "It is essential that it shall completely evidence the [particular] contract which the parties made". (Poel v. Brunswick-Balke-Collender Co., 216 N. Y. 310, 314.) The note or memorandum "in order to make enforceable a contract within the statute" should state with reasonable certainty "the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made." (1 Restatement, Contracts, § 207, p. 278.)

To satisfy the Statute of Frauds, the writing "must show on its face what the whole agreement is so far as the same is executory, and remains to be performed, and rests upon unfulfilled promise". If the writing be so incomplete that "any falsehood or perjury on the part of the plaintiff might apply it to an agreement never made or thought of" then it does not furnish sufficient protection against fraud and is insufficient to comply with the statute. (Drake v. Seaman, 97 N. Y. 230, 234, 237.) So, in the case of a contract to guarantee the debt of another, the writing must set out "the nature and extent of the guaranties" given by the guarantor. Where the writing refers to oral guarantees and "we are referred back to the oral guaranties to learn what these guaranties were", the writing is insufficient. (Carson Petroleum Co. v. Union Commerciale Des Petroles, 215 App. Div. 385, 388, affd. 243 N. Y. 530.)

Here, it appears that the defendant was a large creditor of American Cargo Line, Inc., and was anxious to keep it in business. There were telephone conversations between him and the plaintiff's credit manager in relation to the shipment of bunker fuel to the Line for use on a particular vessel. Plaintiff claims that the defendant in the course of such conversations guaranteed to pay for the future deliveries by plaintiff of fuel to the vessel and that the agreement was sufficiently confirmed by a letter written by the defendant to plaintiff on February 19, 1963. The letter, which was addressed to the plaintiff and signed by the defendant, quoted in full, reads as follows: "This letter will serve to confirm our conversation of even date whereby the writer personally guaranteed payment of fuel delivered to the above organization for the vessel SS 'Smith Leader.'"

This letter, as it purports on its face, was intended to confirm a prior oral understanding or agreement between the parties. But the letter is silent as to the terms and conditions of the understanding or agreement and resort to parol evidence will be necessary to establish the same.

The "terms and conditions" of a guarantee are most important because it is the rule that the liability of the guarantor is to be "strictly limited to that assumed by its terms, or, as the rule is otherwise stated, a surety is not held beyond the terms, or the strict, or the precise, or the clear, or the express terms of his contract; and the surety has the right to stand on [those] * * * terms." (72 C. J. S., Principal and Surety, § 91, p. 569, 570.)

It is to be noted, particularly, that the letter from the defendant refers to a guarantee for payment of fuel "delivered" to the American Cargo Line, Inc., for the particular vessel. It does not appear from a reading of the letter whether it has a reference to a guarantee for the payment of fuel theretofore "delivered" (as would be indicated by the use of the past tense), for fuel theretofore ordered and not yet delivered, or for fuel to be ordered and "delivered" in the future. The affidavits of the parties show, however, that their conversations had reference to future deliveries for use on the vessel. In fact, the action is brought on the theory that the guarantee covered deliveries in May, 1963. Whether or not, however, the scope of the understanding between the parties was such that the guarantee was to cover such deliveries does not appear from the writing and will, of necessity, depend upon oral testimony.

The letter is clearly insufficient as a note or memorandum of an agreement on the part of the defendant to guarantee payment for future deliveries of fuel to the named vessel. The "terms and conditions" of the defendant's promise in this connection are not stated. Was the guarantee to cover all such future deliveries? Was it unlimited as to time or amount? Was this "a guaranty absolute"; was it "for payment at maturity or at some other time"; was it "for collection only, in which case recourse could be had against the guarantor after the remedies against his principal had been exhausted". (See *Carso Petroleum Co.* v. *Union Commerciale Des Petroles,* 215 App. Div. 385, 388, *supra.*) Was the defendant's guarantee unconditional or was it conditioned on defendant's approval of the shipments of oil as claimed by him? Was the agreement subject to a cancellation on notice by the defendant to the plaintiff, as claimed by him, or was it to run forever without right of cancellation? "There are dozens of theories of possible forms which [the defendant's] oral guaranty might have taken, none of which is either supported or negatived by the writing". (See *Carson Petroleum Co.* v. *Union Commerciale Des Petroles, supra,* p. 388.)

In fact, the plaintiff's credit manager, by his affidavit, admits that the oral agreement between the parties, as "confirmed" by the defendant was "that his guarantee was to be continuous for all deliveries to *SS Smith Leader* for the account of defendant American Cargo until Fuge should expressly notify us of the withdrawal of his guarantee". The letter does not show that this was a condition which was orally agreed upon; and, so, admittedly, on the basis of plaintiff's affidavit, the writing does not set forth the "terms and conditions" of the defendant's promise.

"The writing being silent on the nature and extent of the guaranties which [the defendant] had personally given, we are referred back to the oral guaranties to learn what these guaranties were. But those oral guaranties are unenforcible, and they cannot be made the means by which the written agreement becomes clear, understandable and enforcible. As Judge CARDOZO said in *Marks* v. *Cowdin* (226 N. Y. 138, at p. 144): 'We exclude the writing that refers us to spoken words of promise.'" (*Carson Petroleum Co.* v. *Union Commerciale Des Petroles, supra,* p. 388.)

We have concluded, therefore, that the Statute of Frauds constitutes a good defense as against the agreement alleged in the complaint and that the complaint should have been dismissed. Inasmuch as we are a minority, we do not reach the question of whether or not the plaintiff now has an enforcible agreement in writing based upon the letter as supplemented by the statements in the defendant's affidavit submitted on this motion. Together, it would seem that these writings are now sufficient to establish a conditional agreement of guarantee. But such is not the agreement pleaded in the complaint here. It may, however, be that by proper amendment of the complaint here or on a proper pleading in a subsequent action, the plaintiff could recover part or all of its claim if it is able to establish compliance with the conditions of such an agreement and the failure of the defendant to cancel the same. (See 2 Corbin, Contracts, § 503, p. 716; 49 Am. Jur., Statute of Frauds, § 327, p. 638; 37 C. J. S., Statute of Frauds, § 176, p. 656; Anno. 22 A. L. R. 735.)

Stevens, Steuer and Witmer, JJ., concur in decision; Eager, J., dissents in opinion, in which Breitel, J. P., concurs.

Order, entered on December 4, 1963, affirmed, with $20 costs and disbursements to respondent.